*Rec 132187*

*Fulton Co.*

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | ) | **CIVIL ACTION LAW** |
| | ) | |
| **Plaintiff** | ) | **No. CV-00-1655** |
| | ) | |
| **Vs** | ) | |
| | ) | |
| **ERIC D. EASTON, WILLIAM D.** | ) | |
| **BAKER, ERIC B.PRENDERGAST** | ) | |
| **VIRGINIA SMITH ELLIOTT,** | ) | |
| **AND THE PENNSYLVANIA** | ) | |
| **STATE POLICE,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants** | ) | |

FILED

SEP 1 8 2000

PER _____ DEPUTY CLERK
HARRISBURG, PA

## COMPLAINT

## INTRODUCTORY STATEMENT

1.) This is a civil rights complaint brought to redress grievances for sexual harassment and retaliation where plaintiff was forced to endure an insulting, humiliating work environment, and for being forced to suffer a termination of employment because she would not yield to sexual suggestions, innuendoes and solicitatious behavior. Plaintiff also suffered discrimination because of her age and political affiliation.

1

## JURISDICTION AND VENUE

2.) This Court has jurisdiction to hear these claims under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4). Jurisdiction is also conferred under 42 U.S.C. 2000 et seq. (Title VII) as a remedial statute.

3.) This Court's supplemental jurisdiction is invoked under 28 U.S.C. §1367 because plaintiff also brings a supplemental state claim under the Pennsylvania Human Relations Act.

4.) Plaintiff additionally claims redress under the provisions of the Age Discrimination in Employment Act of 1967.

5.) A jury trial is demanded.

6.) Punitive damages are requested.

7.) Attorney's fees are demanded.

8.) Venue is properly in the Middle District because all parties, witnesses, events, and other facts are common to Fulton County which is in the Middle District.

## OPERATIVE FACTS

9.) Plaintiff began working for the Pennsylvania State Police (PSP) on or about March 21, 1998.

10.) Plaintiff was subjected to insulting, harassing, solicitatious sexual remarks and embarrassing, humiliating, sexually suggestive actions by the defendants more fully described as follows:

a.) Eric Easton made suggestive comments about panty hose.

B.) Apparently emulating TV wrestling, which he worships, Cpl Baker would stand up, cross his hands in an X motion in front of his body, then take his genitals in his hands and scream "suck it". He did this on many occasions from when plaintiff was hired until she was forced to resign in August 1998.

C.) Baker had a picture of a wrestler on his wall making the same motion.

D.) In early April 1998, Sgt Easton was talking about his wife, commenting how she had little breasts.

E.) During plaintiff's performance evaluation in May 1998, Sgt. Easton began talking about people having sex with animals.

F.) In June 1998 Cpl. Baker commented that an African American PSP trooper married a white woman because she "had an ass like a Black woman".

G.) PCO Strait asked Cpl Baker if he could rub the hair on his legs.

H.) Cpl Baker, reciprocated by rubbing Strait's back and saying romantic things. Both Baker and Strait thought this display was humorous. Plaintiff was offended.

3

I.) Prendergast regularly harassment plaintiff telling her he was "watching" her and that "we'll" see that she was the last political appointee who had a job there at the substation.

J.) Baker then said his wife was getting her nipple pierced and then that he was getting his penis pierced.

K.) Easton and Cpt Prendergast had a conversation in plaintiff's presence, knowing and intending that plaintiff hear - saying that if one had a daughter it would be desirous to teach her how to give a "blow job" and after Prendergast laughed, Easton exclaimed he was serious, he would teach his daughter to "give a blow job". Plaintiff was extremely upset over being exposed to this terrible colloquy.

L.) During plaintiff's job performance evaluation by Sgt Easton, in July 1998, she was told that she was not going to receive a good review. Comments about sex with animals was repeated by Easton for some strange reason unknown to plaintiff, and plaintiff was told that PSP management was aware she was frightened and afraid of losing her job.

11.) On or about August 1998 the plaintiff called the PSP affirmative action officer Major Virginia Smith Elliott.

4

12.) Elliott told plaintiff to get a form to fill out but refused to help her further.

13.) Plaintiff was also harassed and ridiculed by Easton and Baker over her age:

A.) Easton commented sarcastically to plaintiff on one occasion, in reference to her age "its awful getting old isn't it" as a way to put plaintiff down in commenting on her job performance.

B.) Easton told a friend of plaintiff's that a 25 year old fresh out of college could catch on faster than plaintiff could.

C.) Baker commented several times that he should call plaintiff "mamma" because of her age.

D.) Easton called the Republican County Chairman and requested a meeting, telling the chairman that he was sending plaintiff to Bedford County, Easton had (meaning by the Governor's office), told plaintiff that she had political influence, (meaning through the Governor's office) and that he wanted her to help get his son a job. Plaintiff did not respond to Easton, and believes, on information and belief, that he retaliated against her for not helping him.

E.) When Baker asked plaintiff how long she had been married, and she replied 38 years, he taunted her in response "Then I can call you mom"

5

F.)  Baker at times, would refer to plaintiff as "mamma" when giving directions.

14.)  Plaintiff at all times suffered from defendants' misconduct, and their harassing, discriminatory behavior, and, because they knew she was not receptive to their sexual suggestions and insults, defendants  were increasingly more suggestive and insulting.

15.)  When plaintiff refused to assist Easton with a request to help him place his son (Easton believed plaintiff had "political influence", and when plaintiff reacted adversely to the defendants' excessive familiarity to other females in the office, the defendants continued their escalating policy of progressively harassing plaintiff more and more.

16.) Plaintiff had taken a computer test, on Easton's orders,  for the PSP, that was to be forwarded to PSP Head Quarters.

17.) On or about the end of July 1998 plaintiff was using the ladies room at the substation while at work.

18.) In the ladies room were 2 dressers, a shower, (and a bed). The dressers we unmarked, are no one's personal property, have no signs or notices on them, are, unlocked, and had never been identified to plaintiff by anyone as theirs or anyone else's property.

34.) The defendants have violated plaintiff's rights to be free of unlawful violations composed of gender based discrimination and harassment pursuant to the PHRA.

35.) Plaintiff has exhausted her administrative remedies, receiving a right to sue letter from the U.S. Department of Justice dated August 21, 2000. Plaintiff received this letter on or about September 2000.

**WHEREFORE** plaintiff demands judgement of the defendants for the violation of her rights under the PHRA together with fees, costs, attorneys' fees, and such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED,

Don Bailey, Esquire PA ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

19.) On the night in question plaintiff noticed a drawer partly ajar to one dresser and looked in.

20.) Out of simple curiosity plaintiff opened the dresser drawer and found it had thong bikinis, bras, and negligee nighties. Plaintiff looked further.

21.) In another drawer was a group of papers containing personal information about plaintiff including the computer test which Easton had ordered plaintiff to take and which was to be forwarded to Head Quarters.

22.) Plaintiff replaced the papers and raised the issue of her test with Easton. As he responded she realized the testing she had to undergo was a ruse and she had been lied to by Easton.

23.) When plaintiff went back to the dresser drawer to check to confirm that Easton and Jody Lancaster, a PCO,  who also lied to plaintiff, was involved in the plot against her, she took the papers, which were now in an envelope, and she replaced them with plain paper.

24.) Later she checked the drawer again to see how Easton and Lancaster responded and got powder on her hands which had been placed there, and throughout the ladies room, by the PSP, at Easton's urging.

25.) Easton, and other PSP operatives then began threatening plaintiff with the absurd proposition that she had committed a crime ie. had "tampered with

7

files" by virtue of her having investigated why her personal papers were in an unmarked dresser drawer with a plethora of intimate sexy apparel, near a bed, in a ladies room, in a PSP substation.

26.) The defendants repeated this ridiculous threat designed to intimidate plaintiff in their PHRC Answer, replete with an alleged opinion from a district attorney, that they had probable cause to bring criminal charges, but did not do so, ostensibly because of the DA's suggestion to handle it internally.

27.) Regardless, when defendants, by and through PSP operatives, on August 20, 1998, threatened plaintiff, she felt she had no choice but to resign, and did so out of fear, and because of the threat of a malicious and vindictive investigation and prosecution by the defendants.

28.) Plaintiff, on August 18, 1998 had formally requested help from the PSP affirmative action officer Virginia Smith Elliot who refused to take her telephone request for an investigation, instead telling her she had to make a formal written request, which is against stated PSP policy, and thus in violation of plaintiff's rights pursuant to 42 U.S.C. §2000 et seq. (Tittle VIII).

## COUNT I

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE

### DEPRIVATION OF HER FEDERALLY GUARANTEED

8

**RIGHTS TO BE FREE OF SEXUAL HARASSMENT**

**FROM HER SUPERVISORS AND HER EMPLOYER**

29.) Paragraph 1 through 30 above are incorporated by reference herein.

30.) The defendants Easton, Baker, and Prendergast were all plaintiff's supervisors and they all subjected plaintiff to a humiliating debilitating work environment.

31.) The defendant Elliot owed plaintiff a duty of care consistant with PSP policy.

32.) The defendant PSP is vicariously liable under the facts of this case to the plaintiff.

**WHEREFORE** plaintiff demands judgement of the defendants for the deprivation of her federally guaranteed rights under 42 U.S.C. §2000 et seq. together with fees, costs, attorney's fees and such other relief as the Court may deem appropriate.

**COUNT II**

**PLAINTIFF AGAINST ALL DEFENDANTS UNDER THE**

**PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)**

**AS A SUPPLEMENTAL STATE CLAIM**

33.) Paragraphs 1 through 32 above are incorporated herein by reference.

9

≋JS 44   (Rev. 3/99)                    ● **CIVIL COVER SHEET**                    ● rv-00-1655
                                                                                    *T. Rambo*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**                          | **DEFENDANTS**
Nancy Drew Suders                                | Eric D. Easton, William d. Baker, Eric P. Predergast.
                                                 | Virginia Elliott, and the PSP Police

**(b)** County of Residence of First ___Fulton County___   | County of Residence of First Listed ___Fulton County___
(EXCEPT IN U.S. PLAINTIFF CASES)                 | (IN U.S. PLAINTIFF CASES ONLY)
                                                 | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
                                                 |        LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   | Attorneys (If Known)
Don Bailey, Esq.                                 |
4311 N. 6th Street                               | N/A
Harrisburg, PA 17110                             |
(717) 221-9500                                   |

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government          X 3  Federal Question
     Plaintiff                      (U.S. Government Not a Party)

☐ 2  U.S. Government          ☐ 4  Diversity
     Defendant                      (Indicate Citizenship of Parties
                                    in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State | X 1   X 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2   ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3   ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | X 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | X 555 Prison Condition | | | |

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

                                                    Transferred from
                                                    another district
x 1              ☐ 2              ☐ 3              ☐ 4              ☐ 5 (specify)   ☐ 6                          ☐ 7   Appeal to
                                                                                                                      District
Original         Removed from     Remanded from    Reinstated or                  Multidistrict                      Judge from
Proceeding       State Court      Appellate Court  Reopened                        Litigation                        Magistrate
                                                                                                                      Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
                          Do not cite jurisdictional statutes unless diversity.)
Violations under 28 U.S.C. 1331, 1343(a)(3) and (4) and 42 U.S.C. 2000 seq. Title VII.
                          *4d. moosk   4ns7*

**VII. REQUESTED IN**   ☐ CHECK IF THIS IS A **CLASS ACTION**   DEMAND $         CHECK YES only if demanded in complaint:
**COMPLAINT:**             UNDER F.R.C.P. 23                                     JURY DEMAND:   X Yes   ☐ No

**VIII. RELATED CASE(S)**   (See                                                *J. Rambo, 1912.*
**IF ANY**                  instructions):
                                                                                *1:00-rv-670*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet