2 of .

6
11/20/00

**IN THE UNITED STATES DISTRICT OF PENNSYLVANIA**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NANCY DREW SUDERS | : | |
| **Plaintiff** | : | |
| | : | No. 1:CV-00-1655 |
| **v.** | : | |
| | : | (Judge Rambo) |
| ERIC D. EASTON, et al., | : | |
| **Defendants** | : | |

*FILED*
*HARRISBURG*
*NOV 1 7 2000*
*MARY E. D'ANDREA, CLERK*
*Per_____*
*DEPUTY CLERK*

## ANSWER

Defendants, by their attorney, submit the following answer to the complaint.

### FIRST DEFENSE

The numbered allegations of the complaint are answered as follows:

1.      This numbered paragraph contains conclusions of law to which NO RESPONSE is required.  To the extent they are deemed factual, they are DENIED.

2.      This numbered paragraph is a statement of jurisdiction to which NO RESPONSE is required.  To the extent it is deemed factual, it is DENIED.

3.      This numbered paragraph is a statement of supplemental jurisdiction to which NO RESPONSE is required.  To the extent it is deemed factual, it is DENIED.

4.      This numbered paragraph is a statement of a claim under the Age Discrimination in Employment Act to which NO RESPONSE is required.  To the extent it is deemed factual, it is DENIED.

5.      This numbered paragraph is a request for jury trial to which NO RESPONSE is required.  To the extent it is deemed factual, it is DENIED.

6.      This numbered paragraph is a request for punitive damages to which NO RESPONSE is required.  To the extent that it is deemed factual, it is DENIED.

7.    This numbered paragraph is a request for attorneys fees to which NO
RESPONSE is required.  To the extent it is deemed factual, it is DENIED.

8.    ADMITTED.

9.    ADMITTED.

10.    DENIED.

    A).    DENIED as stated.

    B).    DENIED.

    C).    DENIED.

    D).    DENIED.

    E).    DENIED.

    F).    DENIED.

    G).    DENIED.

    H).    DENIED.

    I).    DENIED.

    J).    DENIED.

    K).    DENIED.

    L).    DENIED in part; ADMITTED in part.  It is DENIED that while discussing
plaintiff's performance review, Sergeant Easton began talking about having sex with animals.  It
is ADMITTED that Sergeant Easton would have informed the plaintiff of her poor performance
during her performance review.  It is further ADMITTED that Sergeant Easton told plaintiff that
he knew she was upset and afraid of losing her job.

11.    ADMITTED.

2

12.     ADMITTED in part, DENIED in part.  It is ADMITTED that plaintiff inquired about the procedure for filing a complaint and that Major Smith-Elliot advised plaintiff that she would not be available for a several week period in late August to help her fill out the complaint and therefore could not personally process the complaint.  It is DENIED that Major Smith-Elliot refused to help plaintiff.

13.     DENIED.

A).     DENIED as stated.  By way of further information, Sergeant Easton often makes comments about himself getting old, however, these comments were never directed at plaintiff or anyone else.

B).     ADMITTED.  By way of further explanation, Sergeant Easton does recall a meeting he had with Mike Fix on which Mr. Fix inquired how the other PCO's were doing in comparison to plaintiff.  In plaintiff's defense, Easton told Fix that plaintiff's progress cannot be compared to the other two as one had previous experience and the other was just out of college.

C).     DENIED.

D).     AFFIRMED in part; DENIED in part.  It is AFFIRMED that Sergeant Easton contacted the Chairman in an attempt to resolve work related problems involving plaintiff and to see if sending her to another station for training would be beneficial for all the parties.  It is DENIED that Sergeant Easton asked for plaintiff's help to get his son a job.  It is further DENIED that Sergeant Easton retaliated against plaintiff for any reason, including because of the alleged job request.

E).     DENIED.

F).     DENIED.

3

14. This numbered paragraph contains conclusions of law to which NO RESPONSE is required. To the extent they are deemed factual, they are DENIED.

15. This numbered paragraph contains conclusions of law to which NO RESPONSE is required. To the extent they are deemed factual, they are DENIED.

16. ADMITTED. By way of further information, all employees are required to be certified and take an annual test for this purpose.

17. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of this numbered paragraph to be able to admit it; therefore, it is DENIED.

18. ADMITTED, in part; DENIED in part. It is ADMITTED that there were two dressers, a shower, a bed and a commode in the women's bathroom. By way of further information, the barracks used to be housing quarters and there are dressers in the women's bathroom that are used by the female employees to keep their personal possessions. It is DENIED that the drawers were not identified to plaintiff as belonging to other employees. By way of further information, when plaintiff was hired, Jody Lancaster assigned plaintiff two drawers in one of the dressers and gave the other two drawers in the same dresser to Stacy Gelvin. At that time, Jody Lancaster pointed out that her private drawers were in the other dresser.

19. DENIED. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of this numbered paragraph to be able to admit it; therefore, it is DENIED.

4

20. DENIED. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of this numbered paragraph to be able to admit it; therefore, it is DENIED. By way of further information, the female employees used the dresser to keep a change of clothes and other personal possessions.

21. DENIED. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of this numbered paragraph to be able to admit it; therefore, it is DENIED. By way of further information, at the request of Sergeant Easton, another female employee, PCO Jody Lancaster, kept copies of files that plaintiff had completed that needed correction in a plain manila envelope under her personal items in her personal dresser drawer in the locker room. PCO Lancaster kept the papers there because she had no drawers that locked and believed her personal drawer was the best location. It is specifically DENIED that plaintiff's computer test was in the drawer. By way of further information, PCO Lancaster administered the annual test that all employees were required to take and she kept only the answers to the test in her personal drawer because she believed it was a safe place where no one would find the answers.

22. DENIED. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the first statement in this numbered paragraph; therefore it is DENIED. As for the remainder of the paragraph, it contains conclusions of law to which NO RESPONSE is required. To the extent they are deemed factual, they are DENIED.

23. DENIED. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of this numbered paragraph to be able to

5

admit it; therefore, it is DENIED.  By way of further information, during the last week of July 1998 and the first several weeks of August 1998, Sergeant Easton discovered that his file on the plaintiff had been disturbed.  During that same period of time, Jody Lancaster reported to Sergeant Easton that the files of plaintiff's mistakes that she had been keeping in a plain manila envelope under her personal items in her personal dresser drawer in the ladies room were missing.

24.    DENIED.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of this numbered paragraph to be able to admit it; therefore, it is DENIED.  By way of further information, to discover who was tampering with files, Sergeant Easton dusted a plain envelope with theft detection powder and placed the envelope in Lancaster's personal dresser drawer under numerous other personal items.

25.    DENIED as stated.  When plaintiff was found trying to scrub off blue theft detection powder which was all over her hands, plaintiff was informed by Sergeant Easton that she was the subject of a criminal investigation and Sergeant Easton read plaintiff her Miranda rights.  The plaintiff subsequently admitted being in Lancaster's drawer and removing papers from the envelope in the drawer.  Plaintiff then requested an attorney and the interview ended.

26.    This numbered paragraph contains conclusions of law to which NO RESPONSE is required.  To the extent they are deemed factual, they are DENIED.

27.    DENIED.  It is specifically DENIED that plaintiff was forced to resign or threatened by the defendants..  To the contrary plaintiff resigned voluntarily.

28.    ADMITTED in part; DENIED in part.  It is ADMITTED that plaintiff contacted Major Virginia Smith-Elliot, Director, Equal Opportunity Employment Office, sometime prior to

6

plaintiff's resignation and plaintiff inquired about the procedure for filing a complaint. It is

further ADMITTED that Major Smith-Elliot advised plaintiff that she would not be available for

a several week period in late August and therefore she could not personally process plaintiff's

complaint. It is DENIED that Major Smith-Elliot refused to process her complaint. After

reasonable investigation, Defendants are without information or knowledge to form a belief as to

the truth of the remainder of this averment and, therefore, the remainder is DENIED.

29.     Defendants hereby incorporate by reference their responses to paragraphs 1-28

above as set forth at length herein.

30.     ADMITTED in part; DENIED in part. ADMITTED that defendants Easton,

Baker, and Prendergast were all plaintiff's supervisors. DENIED that they subjected plaintiff to

any humiliating, debilitating work environment.

31.     This numbered paragraph contains conclusions of law to which NO RESPONSE

is required. To the extent they are deemed factual, they are DENIED.

32.     This numbered paragraph contains conclusions of law to which NO RESPONSE

is required. To the extent they are deemed factual, they are DENIED.

33.     Defendants hereby incorporate by reference their responses to paragraphs 1-32

above as set forth at length herein.

34.     This numbered paragraph contains conclusions of law to which NO RESPONSE

is required. To the extent they are deemed factual, they are DENIED.

35.     ADMITTED.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

7

## THIRD DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to her by the Constitution or laws of the United States.

## FOURTH DEFENSE

Defendants Easton, Baker, Smith-Elliot and Prendergast are entitled to qualified immunity from suit.

**WHEREFORE**, judgment should be entered in favor of defendants.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:    _Sarah C. Yerger_

SARAH C. YERGER
Deputy Attorney General

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA    17120**
**717-705-2503**

**DATE: November 17, 2000**

**IN THE UNITED STATES DISTRICT OF PENNSYLVANIA**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-00-1655** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **ERIC D. EASTON, et al.,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

    I, **SARAH C. YERGER,** Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on **November 17, 2000,** I caused

to be served a true and correct copy of the foregoing document, **Answer,** by depositing it in the

United States mail, first-class postage prepaid to the following:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

**SARAH C. YERGER**
**Deputy Attorney General**