Case 1:00-cv-01655-SHR   Document 20   Filed 06/25/2001   Page 1 of 8

ORIG...
2 to cv w/j

20
6/24/01
sc

# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY DREW SUDERS | ) | CIVIL ACTION LAW |
| | ) | |
| **Plaintiff** | ) | |
| | ) | No. 1:CV-00-1655 |
| | ) | |
| **Vs** | ) | |
| | ) | |
| ERIC D. EASTON, WILLIAM D. | ) | (Judge Rambo) |
| BAKER, ERIC B.PRENDERGAST | ) | |
| VIRGINIA SMITH ELLIOTT, | ) | |
| AND THE PENNSYLVANIA | ) | |
| STATE POLICE, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants** | ) | |

**FILED**
**HARRISBURG**

JUN 2 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### I.) BACKGROUND

#### A.) PROCEDURAL HISTORY

Plaintiff filed a civil rights complaint based upon alleged violations of her rights

under Title VII, the ADEA, and the Pennsylvania Human Relations Act. Defendants

filed a motion and supporting brief for Summary Judgement. This brief is in opposition

to the motion.

1

## B.) <u>FACTUAL HISTORY</u>

Nancy Suders is a grandmother. She is relatively young and places her family responsibilities ahead of all other concerns. She has worked most of her adult life to help support her family. For many years, before going to work for the Pennsylvania State Police (PSP), she worked as a Deputy Sheriff in Fulton County (a small rural central Pennsylvania County) where she basically ran the office. A loyal and active Republican she was quite active in party affairs. On or about late 1997 Nancy was encouraged by political supporters to seek a job at the local (McConnellsburg) state police Barracks. She did so with the additional encouragement of State Senator Robert Jubelirer and his staff. She started work on March 21, 1998. There was no secret that the local PSP cadre, Messrs. Easton, Baker, and Prendergast didn't want her there. Shortly after she began work, she began to experience various forms of harassment. She was constantly harassed with comments about her age, "its awful getting old isn't it" from the defendant Easton. The defendant Baker would call her "Mamma." She protested but to no avail. She was deathly afraid of Easton. And the female worker echoed the men's ostracism of Nancy. One, Jody Lancaster, was even assigned to watch Nancy and keep notes on her. Baker would also behave in an outlandish way. A youngish Corporal, Baker was a fan of T.V. Wrestling. He would jump up - sometimes on a chair, and crossing his arms in front of him, he would and grab his

2

genitals and scream "suck it." He did this in front of Nancy many many times. Nancy's husband saw this as did the Fulton County Sheriff. Prendergast even remembers Baker doing it. Baker says no. When Easton would sit Nancy down on her performance evaluation he would talk of sex with animals. He admits to doing that but says it was about incest and other criminal incidents. Once, in front of Nancy, Prendergast and Easton talked about the desirability of teaching their daughters the skills of oral sex to enable them to go further in life. Both Easton, who says it was not described that way, and Prendergast who denies it, don't agree with Nancy Suders recollections of what occurred. The harassment was mean, insulting, and meant to offend. In some ways, to an objective observer, it was clearly suggestive (such as Easton rolling in on his chair and putting his hands behind his head, and spreading his legs). It's difficult to be more suggestive, but Nancy Suders wasn't sure how to see some of these things because they were so far beyond what she considered normal. It's not that Nancy Suders is a prude or is naive, its just that she found this behavior difficult to understand. But she realized soon enough what was happening. Between being intimidated and very frightened, she found time to contact the PSP "affirmative action" officer Virginia Smith Elliott and complain. Instead of finding help she was insulted and referred to a supposed form in a field regulation. She had no one to help her. She didn't know where such a form would be and so she turned to Senator Jubelirer. Bob Jubelirer is a seasoned politician.

Hardworking and experienced he is constituent minded. He had a meeting in his office with his staff and Nancy. He was deeply offended by what he learned. He told Nancy to sue over what was happening to her. But before an investigation could be completed, Nancy was forced to undergo a constructive discharge. This happened when she found personal papers in an unmarked envelope in the ladies room. Her tormentor dusted the room with "theft power" and even did up the toilet. They then made a pretext of accusing her of a crime(s). Nancy couldn't take anymore, and although forced to remain against her will she finally resigned and left the night of the incident. Plaintiff incorporates by reference her Counter-Statement of Undisputed Material Facts.

**II.)   ISSUES**

1.) Whether the individual defendants are entitled to summary judgement on the Title VII claims against them?

2.) Whether the PSP is entitled to Summary Judgement on the Title VII claims against them?

3.) Is the ADEA claim barred by 11th Amendment consideration?

4.) Does the 11th Amendment bar plaintiffs state law claims?

4

## III.) ARGUMENT

### 1.) Individual defendants Title VII.

The statute 42 U.S.C. §2000 reads ...employer ...and any agent of such person"
in defining employer. Sergeant Easton and Corporals Baker and Prendergast are such
agents. They are not co-workers. They are supervisors.

### 2.) PSP - Valid Title VII claim?

Under the rule of *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998) and
*Burlington Industries, Inc., v. Ellerth,* 118 S.Ct. 2257 (1998) the PSP is liable. Plaintiff
with no where to go, did all she could to get help - even going directly to Smith Elliott
the appropriate officer. She objected to her mistreatment. She went to her State
Senator. For this she suffered reataliation. She was finally forced into a no win
resignation. That was a "tangible employment action." *Faragher* at 2293. Under these
cases the employer is liable for supervisor harassment. There is no question that
Easton, Baker and Prendergast were plaintiff's supervisors. She was mistreated and
harassed directly by them. Under the facts here it's also obvious that plaintiff suffered
the pains of a hostile work environment. Plaintiff was retaliated against for simply
procuring her job and complaining to Bob Jubelirer. She wasn't wanted. She was
treated to horrendously insulting discrimination, and retaliatory behavior that any
reasonable person would find repulsive let alone a family- minded grandmother. This

5

terrible treatment meets the _Faragher/Ellerth_ hostile work environment standard. See _Ellerth_ at 2265. And the "hostile work environment" standard is still an objective test under these cases. That standard is clearly met here ie. "an environment that a reasonable person would find hostile or abusive." _Harris v. Forklift Systems Inc.,_ 510 U.S. 17 at 21-22 (1993). See also _Williams v. General Motors Corp,_ 187 f.3d 553 (6th Cir 1999). The conduct was suggestive - obviously these men were seeking oral sexual favors. All Nancy had to do was act receptive. Rather, she was repulsed. They also wanted to drive her out. The dresser is loaded with thong bikinis' and ferret. Something is amiss. Why does Nancy have to lingerie that out? With these set of facts the defendants are attempting to make her prove what's in their minds. They were just having fun? They weren't testing or probing for responses? Of course they were. This was a power play and they grossly underestimated the ability of a discreet unassuming middle-aged woman to fight back. The misconduct was pervasive and offensive by everyone's standard. It was aimed at Nancy because of her sex, and that's obvious. Too obvious. And Nancy was made ill. Suders Dep pg. 49, 122, 113, 137. Lastly the standard, or text, as referred to above, _Harris,_ is an objective test.

    3.) The ADEA claim.

    29 U.S.C. §690(b) defines employer to be "a state or political subdivision of a State and any agency or instrumental of either".

4.)  The PHRA and the 11th Amendment.

Pursuant to 28 U.S.C. §1367 this Court has jurisdiction to hear supplemental

state claims. Jurisdictionally this is a supplemental state claim.

**WHEREFORE** defendants motion for summary judgement should be

**DENIED**.


Respectfully Submitted,

Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

June 25, 2001

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | ) | **CIVIL ACTION LAW** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **No. 1:CV-00-1655** |
| | ) | |
| **Vs** | ) | **(JUDGE SYLVIA RAMBO)** |
| | ) | |
| **ERIC D. EASTON, WILLIAM D.** | ) | |
| **BAKER, ERIC B.PRENDERGAST** | ) | |
| **VIRGINIA SMITH ELLIOTT,** | ) | |
| **AND THE PENNSYLVANIA** | ) | |
| **STATE POLICE,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on **JUNE 25, 2001** a true and correct copy of

**DOCUMENT** was served upon the following counsel of record by United States

Mail, postage prepaid:

Sarah C. Yerger, Esq.
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500