# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY DREW SUDERS                     :
    Plaintiff                 :
                              :        No. 1:CV-00-1655
    v.                        :
                              :        (Judge Rambo)
ERIC D. EASTON, et al.,               :
    Defendants                :

**FILED**
HARRISBURG, PA

### REPLY BRIEF IN SUPPORT OF DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

JUL 1 2 2001

MARY E. D'ANDREA, CLERK
Per _____
               Deputy Clerk

## INTRODUCTION

This is a civil rights action brought by Nancy Drew Suders against her former

employer, the Pennsylvania State Police (PSP), and Eric Easton, Eric Prendergast,

William Baker, and Virginia Smith, who were all employees of the PSP.

Presently before this Court is the Defendants' Motion for Summary Judgment.

Therein, the Defendants set forth that plaintiff's Title VI claims against the individual

defendants are barred because Title VII does not apply to employees, that the PSP is

entitled to summary judgment as the plaintiff had not established sexual discrimination

under Title VII, that plaintiffs's section ADEA claim against the PSP is barred by the

Eleventh Amendment, and that any state law claims are barred by the Eleventh

Amendment.

Plaintiff has responded to Defendants' Statement of Material Facts and supporting brief. However, plaintiff did not prepare a separate statement of the material facts responding to the numbered paragraphs in defendants' statement, but instead admits or denies the defendants' statements. In the plaintiff's brief in opposition in the factual history, plaintiff gives her unsupported version of the facts. Pursuant to Local Rule 56.1, the material facts set forth in Defendants' Statement of Material Facts that were not controverted by the plaintiff are deemed admitted. Merely stating a fact is denied is not sufficient to controvert a fact for purposes of Rule 56 of the Federal Rules of Civil Procedure or for the purposes of LR 56.1.

In her factual history, plaintiff attempts to create disputes of fact where none exist. Although defendants do not agree with plaintiff's version of the events surrounding her employment, for the purposes of this motion, they are prepared to rely on plaintiff's deposition as a description of what occurred and what plaintiff considered sexual discrimination. After reading plaintiff's deposition in tandem with the arguments made by defendants, the Court should decide that summary judgment be granted in defendants' favor.

This is a reply brief in response to plaintiff's brief in opposition.

## ARGUMENT

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any [supporting a motion for such relief], show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In interpreting this rule in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Supreme Court held that the rule's "plain language . . . mandates the entry of summary judgment . . . upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." (emphasis added).

The Third Circuit had addressed the standards to determine whether a non-moving party has adduced sufficient evidence, either direct or circumstantial, to defeat a motion for summary judgment in *Williams v. Borough of West Chester, Pennsylvania*, 891 F.2d 458, 459 (3d Cir. 1989) and stated:

> [S]ummary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party.
>
> [The summary judgment] standard mirrors the standard for a directed verdict . . .

> In essence . . . the inquiry under each [standard] is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

891 F.2d at 460, <u>citing</u> *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Thus, even though the right to a jury trial is implicated by a claim, a non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. The failure of the non-moving party to produce such affirmative evidence to create issues in dispute material to the claims presented should result in the grant in judgment in favor of the moving party. *Hankins v. Temple University*, 829 F.2d 437, 440 (3d Cir. 1987). Moreover, the Supreme Court has said that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-248. There are no genuine issues of any material fact in this case. <u>Id</u>. For the purposes of this motion, all parties agree on what incidents occurred and how plaintiff was treated, and rely on plaintiff's own deposition and supporting documents.

## II.    PLAINTIFF HAS NOT ESTABLISHED A CLAIM AGAINST THE PSP UNDER TITLE VII

As we set forth in our primary brief, in order to establish a hostile work environment claim, Courts look to the totality of the circumstances to establish whether the work environment was hostile. Specifically, the plaintiff must establish whether she

suffered intentional discrimination because of her sex, whether the discrimination was pervasive and severe, whether the discrimination detrimentally affected plaintiff, whether the discrimination would detrimentally affect a reasonable person of the same sex in that position and whether respondeat superior liability existed.[1]

Plaintiff cites to *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998) to support her position that the PSP should be vicariously liable for the acts of the other named defendants. However, plaintiff's argument assumes that there was a discriminatory environment that is actionably abusive. Plaintiff's assumption is misplaced based on the facts as she has presented them and fails to take into account the totality of the circumstances as required by *Faragher* and *Ellerth*. Without repeating our primary brief, plaintiff has not established she suffered discrimination because of her sex, that the discrimination was severe and pervasive, that it detrimentally affected her, or that the discrimination would detrimentally affect a reasonable person of the same sex.

Even assuming arguendo that plaintiff has established an actionably abusive work environment under these factors, the employer still is not vicariously liable under the *Faragher/Ellerth* standard because there was no tangible employment action since plaintiff voluntarily quit her job; because the PSP did not have constructive knowledge

---

[1]Defendants' primary brief details these criteria and plaintiff's brief in opposition does not refute the arguments as to these criteria.

of the of the alleged harassment; because the employer had a sexual harassment policy in place to prevent and correct harassing behavior; and because plaintiff failed to avail herself of the policy. (See Primary Brief).

As for plaintiff's retaliation claim, plaintiff simply states in her brief in opposition that she suffered retaliation without citing any case law or providing analysis to establish discriminatory retaliation. Defendants rest on the argument in their primary brief that plaintiff has not met her burden to demonstrate retaliatory discrimination. [2]

## CONCLUSION

Because there are no genuine issues of any material facts, the Court should enter judgment in favor of the defendants and against the plaintiff.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: _____

SARAH C. YERGER
Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Litigation Section

Office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 705-2503
DATE: July 12, 2001

---

[2]Defendants also need not address plaintiff's other arguments in her brief in opposition and refer the Court to their primary brief.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY DREW SUDERS       :
     **Plaintiff**       :
                       :    **No. 1:CV-00-1655**
     **v.**                :
                       :    **(Judge Rambo)**
ERIC D. EASTON, et al.,       :
     **Defendants**      :

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Deputy Attorney General, hereby certify that I have this day served the foregoing Reply Brief in Support of Defendants' Motion for Summary Judgment, by causing copies of it to be placed in the U.S. Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, and addressed as follows:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

_____
SARAH C. YERGER
Deputy Attorney General

DATE: July 12, 2001