IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | ) | **NO. 1:CV-00-1655** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **ERIC D. EASTON et al.** | ) | |
| | ) | |
| **Defendants** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**Plaintiffs Status Report as per the Court's September 14, 2004 Order**

This court has directed plaintiff's counsel to submit a report on the status of the above captioned matter. Because the Supreme Court's opinion was complex and involved numerous nuances plaintiff's counsel is interpreting this court's order as merely addressing the procedural status of the case. The parties, at the direction of the Third Circuit Court of Appeals, had entered into mediation on an attorney's fees issue a short while ago. A short time prior to that matter arising plaintiff had submitted a demand letter to the opposing parties, and in discussions with counsel, which was repeated to the Third Circuit mediator, Suders had strongly been supportive of settlement. Plaintiff had hoped for at least a counteroffer. However, plaintiffs desire to settle was rejected outright by the defendants. See

1

appended hereto, a redacted copy of the rejection notice received by plaintiff's counsel. This was a surprise to plaintiff because it was in sharp contrast to defendants' posture with the Third Circuit Court of Appeals. There it was requested by defendants to set aside any discussions on attorney's fees because there was an interest in overall settlement.

Procedurally, at this time, it is plaintiff's understanding(without any court's guidance in the formal sense) that the case was remanded to the Third Circuit Court of Appeals by the United States Supreme Court, which is where jurisdiction over the case itself now resides. Plaintiff understands that the case will, of course, come to this court from the Third Circuit, but has heard nothing in that regard.

When this case does arrive in this court plaintiff does intend to raise some serious issues which have arisen since the case went up. Quite by accident plaintiff has learned that the representations of the Pennsylvania State Police itself as to the prior individual defendants' misconduct was false and misleading. For example, the BPR investigative report into their misconduct has never been released to plaintiff though officially requested. Further, it appears that the testimony of the prior individual defendants might be, in simple terms, perjury.

Because the manipulation of the BPR investigation appears to have been, in part, designed to thwart the underlying investigation of the aforementioned matters further litigation may be in the offing. Nancy Suders' activities in preparing to file a lawsuit were known to the PSP when it conducted the purported investigation of the individual defendants (prior defendants) so some limited pretrial discovery to avoid the filing of an additional complaint if the matter is not going to be settled. At an appropriate time, plaintiff will request of this court that it entertain, in the interest of judicial economy, so as to avoid additional lawsuits, that additional limited discovery be permitted.

Plaintiff hopes that the above is sufficient to the court's needs. Plaintiffs saw no need, upon reflection, to file this matter under seal.

Respectfully Submitted,

***BAILEY STRETTON & OSTROWSKI***

By:     s/Don Bailey Esquire
4311 N. 6th Street
Harrisburg, Pa  17110
(717) 221-9500

# CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on *September 27, 2004* I served a true and correct copy of the Document to the attorney below via Electronic Means:

*SARAH YERGER, ESQUIRE*
*DEPUTY ATTORNEY GENERAL*
*ATTORNEY GENERALS OFFICE*
*15TH FLOOR, STRAWBERRY SQUARE*
*HARRISBURG, PA 17120*

RESPECTFULLY SUBMITTED,

**BAILEY STRETTON & OSTROWSKI**

By: S/Don Bailey
4311 N. 6th Street
Harrisburg, PA  17110
(717) 221-9500

5