IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS** : | |
|     **Plaintiff** : | |
| : | No. 1:CV-00-1655 |
| **v.** : | |
| : | **(Judge Rambo)** |
| **ERIC D. EASTON, et al.,** : | |
|     **Defendants** : | |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF WITH RESPECT TO AGE DISCRIMINATION OR HARASSMENT

### PROCEDURAL HISTORY

This is an action brought by Nancy Suders against her former employer, the Pennsylvania State Police (PSP), for allegedly subjecting her to a sexually hostile work environment while she was employed as a Police Communications Officer (PCO) at the PSP's McConnellsburg Barracks. Suders' other claims based on age and political affiliation discrimination and retaliation were dismissed by this Court in its August 16, 2001 Memorandum granting summary judgment in favor of the PSP. Likewise, all claims against the named individual defendants in the complaint have been dismissed. The Court's judgment regarding these claims was not changed on appeal by either the Third Circuit or the United States Supreme Court. On remand, Suders' only remaining claim is that she has been subjected to a sexually hostile work environment by the PSP under Title VII.

Trial has been set for March 2005 on this sole remaining claim against the PSP.

The PSP has now filed a motion in limine to prevent Suders from testifying about age discrimination or age related harassment. This brief is submitted in support of that motion.

## STATEMENT OF RELEVANT FACTS

Suders was employed by the PSP as a PCO from March 23, 1998 until she resigned her position in August of 1998. Suders subsequently brought the present action in which she alleged, *inter alia,* that she had been discriminated against based on her age. This Court, in its August 16, 2001 Memorandum Opinion, held that Suders' claims brought pursuant to the ADEA were barred by the Eleventh Amendment.

In her complaint and during discovery, Suders made various statements regarding the actions of PSP employees stationed at the McConnellsburg barracks which she believed demonstrated age discrimination. Specifically, Suders alleges in the complaint that Eric Easton, the station commander in McConnellsburg, told her that "a 25 year old fresh out of college could catch on faster than plaintiff." (Complaint at ¶13(b)). In her deposition, Suders also specifically testified that Easton stated to her that "it's awful getting old isn't it." (Suders Dep. at 143) She

also testified that she believed she was being discriminated against when Patrol Corporal William Baker referred to her as "Momma." (*Id*. at 45)

## STATEMENT OF THE ISSUE

Whether plaintiff's age related allegations are relevant and admissible in this action?

## ARGUMENT

Testimony concerning age related discrimination or harassment should be excluded as irrelevant in this action. While Suders has a right to introduce evidence which is relevant to her claim of a hostile work environment based on sex, she cannot use this case as a vehicle to litigate her claim that she was subject to age discrimination.

The defendant is concerned that Suders will attempt to discuss incidents which are unrelated to the allegedly sexually based hostile work environment, and instead are legally relevant only to the issue of age discrimination. Because this testimony and evidence relating to this issue would be wholly irrelevant, and because of potential juror confusion, any testimony or other evidence on this issue would seriously prejudice the defendant. The defendant would then have to ask for a precautionary instruction from the Court, but the damage would have already been done.

The testimony should be excluded now to prevent the potential harm to defendant rather than attempting a cure after the harm has been done.

## CONCLUSION

For the reasons given above, defendant's Motion in Limine to Exclude the Testimony or Evidence of Plaintiff with Respect to Age Related Discrimination or Harassment should be granted.

        **Respectfully submitted,**

        **THOMAS W. CORBETT, JR.**
        **Attorney General**

**BY:**   **s/Sarah C. Yerger**
        **SARAH C. YERGER**
        **Senior Deputy Attorney General**
        **I.D. No. 70357**

        **s/Howard G. Hopkirk**
        **HOWARD G. HOPKIRK**
        **Senior Deputy Attorney General**
        **I.D. No. 74264**

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**
        **Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA  17120**
**(717) 705- 2503 - Direct**
**(717) 772-4526 - Fax**
**DATED:  January 21, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS** : | |
|    **Plaintiff** : | |
| : | No. 1:CV-00-1655 |
| **v.** : | |
| : | **(Judge Rambo)** |
| **ERIC D. EASTON, et al.,** : | |
|    **Defendants** : | |

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Deputy Attorney General, hereby certify that I have this day served the foregoing Brief in Support of Defendant's Motion In Limine to Exclude the Testimony of Plaintiff with Respect to Age Discrimination or Harassment via electronic filing to the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110

                                     s/Sarah C. Yerger_____
                                     SARAH C. YERGER
                                     Senior Deputy Attorney General

DATE:   January 21, 2005