IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS,** | : | **CIVIL NO. 1:CV-00-1655** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE PENNSYLVANIA** | : | |
| **STATE POLICE,** | : | |
| | : | |
| **Defendant** | : | |

## O R D E R

Before the court are two motions *in limine*. The first is Defendant's

Motion *In Limine* to Exclude the Testimony of Plaintiff with Respect to Age

Discrimination or Harassment (Doc. 43). In this motion, Defendant argues that

Plaintiff should be prohibited from testifying at trial about any age discrimination or

age-related harassment she believed occurred. In particular, Defendant seeks to

exclude the following statements: (1) former defendant Easton's statement that "it's

awful getting old isn't it"; (2) Easton's comment that "a 25 year old fresh out of

college could catch on faster than plaintiff"; and (3) former defendant Baker's

references to Plaintiff as "Momma" because of her age.

The second motion is Defendant's Motion *In Limine* to Exclude the

Testimony of Plaintiff or Plaintiff's Witnesses with Respect to Retaliation (Doc. 45).

In this motion, Defendant argues that Plaintiff should be prohibited from testifying or

presenting testimony from any witness at trial about any retaliation Plaintiff believed

occurred. Specifically, Defendant seeks to exclude testimony regarding Mr. Easton's

alleged retaliation against Plaintiff for not helping Mr. Easton's son get a job.

Plaintiff's briefs in opposition to Defendant's motions were due on January 31, 2005. To date, the court has not received the briefs; therefore, in accordance with Middle District of Pennsylvania Local Rule 7.6, the court will deem Defendant's motions unopposed.

Additionally, the court concludes that testimony related to the issues above would be irrelevant. Plaintiff originally brought claims of age discrimination and retaliation, but in the court's August 16, 2001 memorandum and order, the court granted the defendants summary judgment on these issues. The court's ruling on these issues was not altered on appeal by either the Third Circuit or the Supreme Court. Because Plaintiff's age discrimination and retaliation claims are no longer part of this case, any evidence presented at trial pertaining to these issues would be irrelevant.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1) Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff with Respect to Age Discrimination or Harassment (Doc. 43) is **GRANTED**.

2) Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff or Plaintiff's Witnesses with Respect to Retaliation (Doc. 45) is **GRANTED**.

3) Plaintiff shall not present any evidence at trial relating to her claims of retaliation, age discrimination, or age-related harassment.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated:  February 4, 2005.