IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS**  :<br>       Plaintiff                            :<br>                                              :    No. 1:CV-00-1655<br>       v.                                    :<br>                                              :    (Judge Rambo)<br>**PENNSYLVANIA STATE POLICE,** :<br>       Defendant                         :    (Electronically Filed) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE REPORT OF THE INDEPENDENT MONITOR OF THE PENNSYLVANIA STATE POLICE DATED SEPTEMBER 27, 2004**

**PROCEDURAL AND FACTUAL HISTORY**

This is an action brought by Nancy Suders, against her former employer, the Pennsylvania State Police (PSP), for allegedly subjecting her to a sexually hostile work environment while she was employed as a Police Communications Officer (PCO) at the PSP's McConnellsburg barracks.

On remand from the United States Supreme Court and the Third Circuit Court of Appeals, Suders' only remaining claim is that she has been subjected to a sexually hostile work environment by the PSP under Title VII. Trial has been set for March 2005 on this sole remaining claim against the PSP.

The PSP previously filed two motions in limine which were granted by the Court in an order dated February 4, 2005.[1] Although the deadline for filing additional motions has passed, counsel for the PSP recently received new information regarding Suders' intentions to introduce evidence at trial.[2] Specifically, counsel for the PSP was informed that Suders intended to introduce into evidence the REPORT OF THE INDEPENDENT MONITOR OF THE PENNSYLVNIA STATE POLICE: THIRD QUARTERLY REPORT FOR THE PERIOD ENDING JULY 31, 2004 (ISSUED SEPTEMBER 27, 2004) [hereinafter "the Kroll Report"] (Attachment A to Defendant's Motion in Limine to Exclude the Report of the Independent Monitor of the Pennsylvania State Police Issued September 27, 2004).

According to Plaintiff's counsel, the Kroll Report would be offered to establish that the PSP did not have a sexual harassment policy or that such policy was completely ineffective. Until the attorneys' conference held on February 7, 2005, Suders' counsel had never produced this report or

---

[1] Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff with Respect to Age Discrimination or Harassment and Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff or Plaintiff's Witnesses with Respect to Retaliation.

[2] Counsel for the PSP was first informed of this evidence at the attorney conference held in anticipation of the pre-trial conference pursuant to Local Rule 16.3. The conference occurred on February 7, 2005.

informed counsel for the PSP of his intention to introduce this report as evidence at trial.³

The PSP has now filed a motion in limine to prevent Suders from presenting the Kroll Report or testimony relating to the report at trial. This brief is being submitted in support of that motion.

## STATEMENT OF THE ISSUE

Whether the Kroll Report is admissible at trial to establish that the PSP lacked an adequate sexual harassment policy?

## ARGUMENT

### I. The Kroll Report is Hearsay.

Suders intends to introduce the Kroll Report as evidence to establish that the PSP did not have a sexual harassment policy or that its sexual harassment policy was inadequate. The Kroll Report, though, is clearly hearsay under Fed. R. Evid. 801. Moreover, it does not fall within any of the exceptions to the hearsay rule. Although at first glance, it might appear that the Kroll Report would fall within the Public Record Exception, it does not. The report was generated by a private entity contracted for by the

---

³ In addition, the Court's case management order dated December 6, 2000 set May 13, 2001 as the deadline for discovery and further noted that "parties who are having, or anticipate having, difficulty in obtaining reports from their experts shall notify the court in order that a deadline can be set for the submission and exchange of the reports in time to meet the deadline." Suders did not supply an expert's name or report on or before that date.

Commonwealth of Pennsylvania. Furthermore, Suders wishes to use the subjective "expert" conclusions of the authors of the report, as opposed to concrete "factual findings" of the type contemplated by Fed. R. Evid. 803(8).

II. **Suders Is Attempting To Use the Kroll Report to Introduce Expert Testimony Regarding the PSP's Sexual Harassment Policy Without Having Presented An Expert.**

Suders never identified an expert during discovery and never presented an expert report to counsel for the PSP. Suders is now at the 11th hour attempting to present the Kroll Report to demonstrate that the PSP's sexual harassment policy was inadequate. However, there is no means for the PSP to test the assertions made in the report through cross-examination. Therefore, in addition to the fact that the report has been produced too late in the adversarial process, it would create an unfair burden for the PSP to have to defend against statements made in the report.

The Kroll Report is a lengthy document which covers many topics. The jury might be unduly swayed by the "official" nature of the Kroll Report without having any way to place the report in its proper context. Without proper expert testimony to provide guidance to the jury, the Kroll Report would be more confusing to the jury than probative. This is particularly true given the fact that Suders' counsel intends to present selected items from the

4

Kroll Report to establish selected facts. The PSP believes that this would distort the overall findings of the authors of the report. This is nothing more than an improper attempt to circumvent the rules of discovery and the Rules of Evidence by introducing expert testimony through a previously undisclosed report. *See* Fed. R. Civ. P. 26; Fed. R. Evid. 702. Even if relevant, such evidence is clearly more prejudicial and confusing than probative, and should be excluded pursuant to Fed. R. Evid. 403.

## CONCLUSION

For the reasons given above, Defendant's Motion in Limine to Exclude Evidence Relating to the Report of the Independent Monitor of the Pennsylvania State Police Dated September 27, 2004, should be granted.

        **Respectfully submitted,**

        **THOMAS W. CORBETT, JR.**
        **Attorney General**

**BY:**   **s/Sarah C. Yerger**
        **SARAH C. YERGER**
        **Senior Deputy Attorney General**
        **I.D. No. 70357**

        **s/Howard G. Hopkirk**
        **Howard G. Hopkirk**
        **Senior Deputy Attorney General**
        **I.D. No. 74264**

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**

**Chief, Litigation Section**

**Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA  17120
(717) 705-2503 - Direct
(717) 772-4526 - FAX**

**DATED:  February 10, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| Plaintiff | : | |
| | : | No. 1:CV-00-1655 |
| v. | : | |
| | : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** | : | |
| Defendant | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Deputy Attorney General, hereby certify that I have this day served the foregoing Brief in Support of Defendant's Motion in Limine to Exclude the Testimony of Plaintiff with Respect to Retaliation, via electronic filing to the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110

                                              s/Sarah c. Yerger
                                              SARAH C. YERGER
                                              Senior Deputy Attorney General

DATE:   February 10, 2005