IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS** : | |
| Plaintiff : | |
| : | No. 1:CV-00-1655 |
| v. : | |
| : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** : | |
| Defendant : | (Electronically Filed) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF JEROME STALLER OR ANY OTHER EXPERT**

**PROCEDURAL HISTORY**

This is an action brought by Nancy Suders, against her former employer, the Pennsylvania State Police (PSP) for allegedly subjecting her to a sexually hostile work environment while she was employed as a Police Communications Officer (PCO) at the PSP's McConnellsburg barracks.

On remand from the United States Supreme Court and the Third Circuit Court of Appeals, Suders' only remaining claim is that she has been subjected to a sexually hostile work environment by the PSP under Title VII. Trial has been set for March 2005 on this sole remaining claim against the PSP.

The PSP previously filed two motions in limine which were granted by the Court in an order dated February 4, 2005.[1]  Although the deadline for filing additional motions has passed, counsel for the PSP recently received new information regarding Suders' intentions to introduce evidence at trial.[2]

Specifically, counsel for the PSP was informed that Suders intends to have an economic expert, Jerome Staller, testify regarding Suders monetary damages.  Until the attorneys' conference held on February 7, 2005, Suders' counsel had never informed PSP counsel that he would be using an expert nor did he produce an expert report.

The PSP has now filed a motion in limine to exclude the expert testimony of Jerome Staller, or any other expert and this brief is submitted in support of that motion.

On September 18, 2000, plaintiff filed a complaint and on October 17, 2000, defendants answered the complaint.  The Court's case management order dated December 6, 2000 set May 13, 2001 as the deadline for discovery and further noted that "parties who are having, or anticipate

---

[1] Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff with Respect to Age Discrimination or Harassment and Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff or Plaintiff's Witnesses with Respect to Retaliation.

[2] Counsel for the PSP was first informed of this evidence at the attorney conference held in anticipation of the pre-trial conference pursuant to Local Rule 16.3.  The conference occurred on February 7, 2005.

having, difficulty in obtaining reports from their experts shall notify the court in order that a deadline can be set for the submission and exchange of the reports in time to meet the deadline." Suders did not supply an expert's name or report on or before that date. In fact, it is almost four years later and for the first time at the attorneys meeting on February 7, 2005, plaintiff disclosed Jerome Staller as an expert witness on economic issues, but supplied no additional information and no report.

    At the close of discovery, on May 31, 2001, defendants filed for summary judgment and that motion was granted. Plaintiff appealed the district court's decision to the Third Circuit and after reversal in part, the defendant appealed to the U.S. Supreme Court. On June 14, 2004, the U.S. Supreme Court remanded the case back to the Third Circuit. Although it was clear to defendants prior to the appeal to the U.S. Supreme Court that this case would eventually be tried, it became absolutely clear in June 2004 that this case was going to be tried. It became even clearer on December 10, 2004 when this Court listed the case for trial. However, Plaintiff has made no attempt to inform defendant or the Court that she wishes to present expert testimony at the March 2005 trial. In fact, in a status letter to this Court dated September 27, 2004, plaintiff asks for an opportunity to discover a BPR report but makes absolutely no mention of having an opportunity to

3

seek an economic expert. As already noted, it was not until February 7, 2005, five weeks before the start of trial that plaintiff even mentions an expert. And at the time of mentioning the expert, plaintiff did not supply any additional information or a report of the expert.

## STATEMENT OF THE ISSUE

Whether the expert testimony of Jerome Staller, or any other expert, should be excluded.

## ARGUMENT

Jerome Staller, nor any other expert, should not be permitted to testify as an expert witness. Suders has, without any excuse whatever, failed or refused to comply with Fed. R. Civ. P. 26(a)(2). She has also refused or failed to comply with this Court's order of December 6, 2000 regarding the submission of expert reports. Not only did Suders not provide the expert report required by the Rule and the Order, but only mentioned calling an expert five weeks before the start of trial.

This failure to even minimally comply with her obligations is highly prejudicial to defendant. Once the expert report deadline passed and no expert report was submitted by Suders, defendant decided not to seek any defense expert for purposes of countering any expert submitted by Suders. When it became clear that the case would be scheduled for trial and after the

status letter of plaintiff it appeared that plaintiff decided to call no expert as none was mentioned. Now it is far too late. Suder's decision not to comply with Rule 26 and this Court's Order would mean that only her expert would be heard by the jury, if he is permitted to testify.

Further, defendant does not have the basic information required by Rule 26, such as the report with the complete statement of all opinions of the expert and the reasons for those opinions, any list of publications authored, all cases in which the expert has previously testified, and the compensation he is being paid.

Suders should not receive a reward for her inexcusable failure to comply with the basic obligations under the Rules of Civil Procedure and under this Court's Order. Defendants should not be penalized by not being able to offer a defense expert to counter plaintiff's expert. This Court should exercise its authority under Fed. R. Civ. P. 37(b)(2)(B) and exclude Jerome Staller, or any other alleged expert, from testifying as an expert or from giving any opinions with respect to Suders.

      **Respectfully submitted,**

      **THOMAS W. CORBETT, JR.**
      **Attorney General**

**BY:** **s/Sarah C. Yerger**
    **SARAH C. YERGER**
    **Senior Deputy Attorney General**
    **I.D. No. 70357**

    **s/Howard G. Hopkirk**
    **Howard G. Hopkirk**
    **Senior Deputy Attorney General**
    **I.D. No. 74264**

    **SUSAN J. FORNEY**
    **Chief Deputy Attorney General**
    **Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA  17120**
**(717) 705-2503 - Direct**
**(717) 772-4526 - FAX**
**DATED:  February 10, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| Plaintiff | : | |
| | : | No. 1:CV-00-1655 |
| v. | : | |
| | : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** | : | |
| Defendant | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Senior Deputy Attorney General, hereby certify that I have this day served the foregoing via electronic filing to the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110

                                        s/Sarah C. Yerger
                                        SARAH C. YERGER
                                        Senior Deputy Attorney General

DATE: February 10, 2005