IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| Plaintiff | : | |
| | : | No. 1:CV-00-1655 |
| v. | : | |
| | : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** | : | |
| Defendant | : | (Electronically Filed) |

### DEFENDANT'S PRETRIAL MEMORANDUM

Pursuant to Local Rule 16.6, defendant Pennsylvania State Police submits its pretrial memorandum. The attorneys conference was held on February 7, 2005 with Attorneys Bailey, Yerger and Hopkirk present and Attorney Stretton via telephone.

**A.   FEDERAL COURT JURISDICTION**

This action was brought under Title VII of the Civil Rights Act of 1964, as amended, and this Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

**B.   STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

Plaintiff Nancy Suders is a former employee of the defendant, Pennsylvania State Police (PSP). Suders began working on March 23, 1998 as a Police Communications Officer (PCO).

Suders claims that she was the victim of sexual harassment at the PSP's McConnellsburg barracks involving superior officers and others. On her last day of employment, August 20, 1998, plaintiff had gotten into a coworker's drawer in the female locker room and her hands were blue from theft detection powder which had been placed in the drawer to discover who had taken papers from the drawer. After being questioned about the blue on her hands, plaintiff told the station commander she was resigning and handed him a resignation letter that she had been carrying with her. The PSP contends that Suders was not sexually harassed and, even if she was, she was not harassed in a legally cognizable sense. If Suders was the subject of any harassment, none of it was attributable to her gender. In addition, the PSP contends that Suders voluntarily quit her employment because she had been caught in another employee's personal drawer. Furthermore, the PSP maintains that it had a readily accessible policy for reporting complaints to which plaintiff did not avail herself. In sum, the PSP maintains that it is not liable to Suders.

C.   **STATEMENT OF UNDISPUTED FACTS**

Nancy Suders began employment with the Pennsylvania State Police on March 23, 1998 as a police communications operator (PCO) at the PSP's McConnellsburg barracks. The station commander and corporals at the

McConnellsburg barracks all supervised Nancy Suders. Ms Suders submitted a resignation letter to the station commander on August 20, 1998. Ms. Suders has not returned to the employ of the PSP since August 20, 1998.

### D. DAMAGES

The PSP does not want to speculate on Suders' damages, although it is clear from the attorneys' meeting that she will assert a loss of wages. No counterclaim was filed by the PSP. Defendant maintains that plaintiff is not entitled to damages.

### E. NAMES AND ADDRESSES OF WITNESSES

The PSP may call the following witnesses:

1. Corporal William Baker
   Pennsylvania State Police
   McConnellsburg State Police Barracks
   23170 Great Cove Road
   McConnellsburg PA 17233

2. Trooper Ellis Barnett
   Pennsylvania State Police
   McConnellsburg State Police Barracks
   23170 Great Cove Road
   McConnellsburg PA 17233

3. Trooper Bruce Campbell
   Pennsylvania State Police
   Newville State Police Barracks
   248 Center Road
   Newville PA 17241

4. Trooper Brent Culler
   Pennsylvania State Police
   Everett State Police Barracks
   1605 Ashcom Road, Ste. 2
   Everett PA 15537

5. Trooper Richard Cutchall
   Pennsylvania State Police
   McConnellsburg State Police Barracks
   23170Great Cove Road
   McConnellsburg PA 17233

6. Trooper Carl Dixon
   Pennsylvania State Police
   McConnellsburg State Police Barracks
   23170Great Cove Road
   McConnellsburg PA 17233

7. Sergeant Eric Easton, (retired)
   324 Raystown Rd
   Everett, PA 15537

8. Trooper Gregory Edgin
   Pennsylvania State Police
   Chambersburg State Police Barracks
   679 Franklin Farms Lane
   Chambersburg PA 17201

9. Corporal Michael Hetrick
   Pennsylvania State Police
   Everett State Police Barracks
   1605 Ashcom Road, Ste. 2
   Everett PA 15537

10. Trooper Sean Flaherty
    Pennsylvania State Police
    Bedford State Police Barracks
    1475 Country Ridge Road
    Bedford PA

11. Trooper Stacey Gelvin
    Pennsylvania State Police
    McConnellsburg State Police Barracks
    23170 Great Cove Road
    McConnellsburg PA 17233

12. Corporal Rodney Heming
    Pennsylvania State Police
    Bedford State Police Barracks
    1475 Country Ridge Road
    Bedford PA

13. Captain Joseph Holmberg
    Pennsylvania State Police
    Hollidaysburg State Police Barracks
    1510 North Juniata Street
    Hollidaysburg PA 16648

14. Trooper Steven Kagarise
    Pennsylvania State Police
    McConnellsburg State Police Barracks
    23170 Great Cove Road
    McConnellsburg PA 17233

15. Jody Lancaster, (retired) address

16. Helen Lipko
    Pennsylvania State Police
    Hollidaysburg State Police Barracks
    1510 North Juniata Street
    Hollidaysburg PA 16648

17. Vicki Marrone
    Pennsylvania State Police
    Harrisburg Consolidated Dispatch Center
    8001 Bretz Drive
    Harrisburg PA 17112

18. Trooper Paul McMullin
    Pennsylvania State Police
    Chambersburg State Police Barracks
    679 Franklin Farms Lane
    Chambersburg PA 17201

19. Trooper Troy Park
    Pennsylvania State Police
    Huntingdon State Police Barracks
    RD 1 Box 10-A
    Huntingdon PA 16652
    (not a good witness)

20. Corporal Eric Prendergast
    Pennsylvania State Police
    Bedford State Police Barracks
    1475 Country Ridge Road
    Bedford PA

21. Trooper Robert Reed
    Pennsylvania State Police
    McConnellsburg State Police Barracks
    23170 Great Cove Road
    McConnellsburg PA 17233

22. Corporal John Sechoka
    Pennsylvania State Police
    Bedford State Police Barracks
    1475 Country Ridge Road
    Bedford PA

23. Trooper Roger Sheffield
    Pennsylvania State Police
    McConnellsburg State Police Barracks
    23170 Great Cove Road
    McConnellsburg PA 17233

24. Virginia Smith (retired)
    5797 Hidden Lake Drive
    Harrisburg, Pennsylvania 17111

25. Trooper Michael Sprague
    Pennsylvania State Police
    McConnellsburg State Police Barracks
    23170 Great Cove Road
    McConnellsburg PA 17233

26. Robert Strait
    Pennsylvania State Police
    McConnellsburg State Police Barracks
    23170 Great Cove Road
    McConnellsburg PA 17233
    (I have not spoken to him yet)

27. Nancy Suders

28. Jina Wingard
    Pennsylvania State Police
    Harrisburg Consolidated Dispatch Center
    8001 Bretz Drive
    Harrisburg PA 17112

29. Corporal Randy Zimmerman
    Pennsylvania State Police
    Hollidaysburg State Police Barracks
    1510 North Juniata Street
    Hollidaysburg PA 16648

F.  **SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

    See Other Pertinent Matters.

G.  **SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

    In the status letter to this Court dated September 37, 2004 and again at the attorneys' meeting, plaintiff's counsel has raised the issue of a BPR investigation which was not produced. Defendant did not produce this

document primarily because it was not requested by plaintiff in accordance with Federal Rules of Civil Procedure 26 and 34. In addition, even if plaintiff had properly done a written request for the BPR investigation, defendant would not have turned over the document because it is protected by attorney work product. *See Esposito v. Galli,* No. 04-CV-475, slip. op., (Feb. 4, 2005). It is defendant's position that plaintiff is not entitled to the BPR investigation report because discovery is long over and because the BPR is attorney work product.

H.   **SUMMARY OF LEGAL ISSUES AND LEGAL AUTHORITIES**

   1.   **Hostile Work Environment Based on Sex**

To prevail on this claim, Suders must prove 1) intentional sex discrimination; 2) the discrimination was pervasive or severe; 3) she was detrimentally affected; 4) a reasonable person of the same sex would also have been affected detrimentally by the same acts; and 5) *respondeat superior* liability. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993); *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir.), *cert. denied*, 528 U.S. 964 (1999). Specifically, plaintiff must establish that her supervisors engaged in a pattern of sexual harassment that was pervasive and regular so as to create an abusive working environment. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986). To hold the PSP liable for

the actions of its employees, Suders must prove that the controlling officers knew of the conduct in question and failed to take prompt and adequate action to remedy the problem. *Knabe v. Boury Corp.*, 114 F.3d 407, 412 (3d Cir. 1997).

### 2. Respondeat Superior Liability/Constructive Discharge/Affirmative Defense

If plaintiff establishes that her supervisors engaged in this conduct she must then show that the abusive working environment became so intolerable that a reasonable person would have felt compelled to resign. *Pennsylvania State Police v. Suders*, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). Plaintiff must also show that a supervisor's official act precipitated the constructive discharge. *Id.*

If plaintiff has not shown that a supervisor's official act precipitated the constructive discharge, and thus no tangible employment action occurred, then the employer must show that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, via having a readily accessible and effective policy for reporting and resolving complaints of sexual harassment. The employer must also show that plaintiff employee unreasonably failed to avail herself of that employer policy. *Id.*

I.  **STIPULATIONS DESIRED**

The PSP would like a stipulation as to the authenticity of its exhibits and that copies may be accepted in lieu of originals.

J.  **ESTIMATED NUMBER OF TRIAL DAYS**

The parties agree that the case will take approximately five (5) days to seven (7) days to present.

K.  **OTHER PERTINENT MATTERS**

   1.  **Kroll Report**

The PSP previously filed two motions in limine which were granted by the Court in an order dated February 4, 2005.[1]  On February 7, 2005 at the attorneys' conference held in anticipation of the pretrial conference, Counsel for the PSP received new information regarding Suders' intentions to introduce evidence at trial.  Specifically, counsel for the PSP was informed that Suders intended to introduce into evidence the REPORT OF THE INDEPENDENT MONITOR OF THE PENNSYLVNIA STATE POLICE: THIRD QUARTERLY REPORT FOR THE PERIOD ENDING JULY 31, 2004 (Issued September 27, 2004) [hereinafter "the Kroll Report"]

---

[1] Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff with Respect to Age Discrimination or Harassment and Defendant's Motion *In Limine* to Exclude the Testimony of Plaintiff or Plaintiff's Witnesses with Respect to Retaliation.

According to Plaintiff's counsel, the Kroll Report would be offered to establish that the PSP did not have a sexual harassment policy or that such policy was completely ineffective. Until the attorneys conference held on February 7, 2005, Suders' counsel had never produced this report or informed counsel for the PSP of his intention to introduce this report as evidence at trial.[2]

On February 10, 2005, the PSP filed a motion in limine and supporting brief to prevent Suders from presenting the Kroll Report or testimony relating to the report at trial. Briefly, here is the substance of PSP's argument.

The Kroll Report is hearsay. Suders intends to introduce the Kroll Report as evidence to establish that the PSP did not have a sexual harassment policy or that its sexual harassment policy was inadequate. The Kroll Report, though, is clearly hearsay under Fed. R. Evid. 801. Moreover, it does not fall within any of the exceptions to the hearsay rule. Although at first glance, it might appear that the Kroll Report would fall within the Public Record Exception, it does not. The report was generated by a private

---

[2] In addition, the Court's case management order dated December 6, 2000 set May 13, 2001 as the deadline for discovery and further noted that "parties who are having, or anticipate having, difficulty in obtaining reports from their experts shall notify the court in order that a deadline can be set for the submission and exchange of the reports in time to meet the deadline." Suders did not supply an expert's name or report on or before that date.

entity contracted for by the Commonwealth of Pennsylvania. Furthermore, Suders wishes to use the subjective "expert" conclusions of the authors of the report, as opposed to concrete "factual findings" of the type contemplated by Fed. R. Evid. 803(8).

Additionally, Suders is attempting to use the Kroll Report to introduce expert testimony regarding the PSP's sexual harassment policy without having presented an expert. Suders never identified an expert during discovery and never presented an expert report to counsel for the PSP. Suders is now at the 11th hour attempting to present the Kroll Report to demonstrate that the PSP's sexual harassment policy was inadequate. However, there is no means for the PSP to test the assertions made in the report through cross-examination. Therefore, in addition to the fact that the report has been produced too late in the adversarial process, it would create an unfair burden for the PSP to have to defend against statements made in the report.

2. **Expert Testimony of Jerome Staller**

Another issue which was raised for the first time at the attorneys conference involves the expert testimony of Jereome Staller. Plaintiff's counsel informed defense counsel on February 7, 2005 that Suders intends to call an expert, Jerome Staller, to give expert opinion regarding Ms Suders

economic damages. On February 10, 2005, the PSP filed a motion in limine to exclude this testimony or the testimony of any expert witness because the PSP was being blind sighted shortly before trial with this information, because plaintiff had made no mention of an expert before February 7, 2005, and because plaintiff had not complied with the federal rules and the Court's orders. Accordingly, Jerome Staller, nor any other expert, should be permitted to testify as an expert witness.

Suders has, without any excuse whatever, failed or refused to comply with Fed. R. Civ. P. 26(a)(2). She has also refused or failed to comply with this Court's order of December 6, 2000 regarding the submission of expert reports. Not only did Suders not provide the expert report required by the Rule and the Order, but only mentioned calling an expert five weeks before the start of trial.

This failure to even minimally comply with her obligations is highly prejudicial to defendant. Once the expert report deadline passed and no expert report was submitted by Suders, defendant decided not to seek any defense expert for purposes of countering any expert submitted by Suders. When it became clear that the case would be scheduled for trial and after the status letter of plaintiff it appeared that plaintiff decided to call no expert as none was mentioned. Now it is far too late. Suder's decision not to comply

with Rule 26 and this Court's Order would mean that only her expert would be heard by the jury, if he is permitted to testify.

Further, defendant does not have the basic information required by Rule 26, such as the report with the complete statement of all opinions of the expert and the reasons for those opinions, any list of publications authored, all cases in which the expert has previously testified, and the compensation he is being paid.

Suders should not receive a reward for her inexcusable failure to comply with the basic obligations under the Rules of Civil Procedure and under this Court's Order. Defendants should not be penalized by not being able to offer a defense expert to counter plaintiff's expert. This Court should exercise its authority under Fed. R. Civ. P. 37(b)(2)(B) and exclude Jerome Staller, or any other alleged expert, from testifying as an expert or from giving any opinions with respect to Suders.

### 3.     1st and 4th Amendment Issues

At the February 7, 2005 attorneys conference, plaintiff's counsel also suggested that plaintiff would be raising Fourth and First Amendment issues at trial. The PSP would object to these other issues being raised as they are irrelevant to the claims and issues before the Court. Suders should have filed an Amended Complaint long ago to address these other issues and

should not be allowed to cloud the Title VII sexually hostile work environment claim which is the only claim before the jury.

## L. SCHEDULE OF EXHIBITS

*See* Appendix A.

## M. SPECIAL VERDICT QUESTIONS

Defendant will submit proposed special verdict questions prior to the selection of the jury.

## N. STATEMENT ABOUT SETTLEMENT AUTHORITY

The undersigned certifies that they have notified the person with settlement authority at the PSP of the provisions of Local Rule 16.2.

## O. CERTIFICATE REGARDING DEPOSITIONS AND VIDEOTAPES

The PSP does not anticipate the use of depositions during trial except for the purpose of impeachment.

        **Respectfully submitted,**

        **THOMAS W. CORBETT, JR.**
        **Attorney General**

**BY:**   <u>**s/Sarah C. Yerger**</u>
        **SARAH C. YERGER**
        **Senior Deputy Attorney General**
        **I.D. No. 70357**

        <u>**s/Howard G. Hopkirk**</u>
        **HOWARD G. HOPKIRK**
        **Senior Deputy Attorney General**
        **I.D. No. 74264**

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**
        **Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA  17120**
**(717) 705- 2503 - Direct**
**(717) 772-4526 - Fax**
**DATED:  February 11, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS** : | |
| Plaintiff : | |
| : | No. 1:CV-00-1655 |
| v. : | |
| : | (Judge Rambo) |
| **ERIC D. EASTON, et al.,** : | |
| Defendants : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

    I, SARAH C. YERGER, Deputy Attorney General, hereby certify that I have this day served the foregoing Pretrial Memorandum via electronic filing to the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110

                                      s/Sarah C. Yerger_____
                                      SARAH C. YERGER
                                      Senior Deputy Attorney General

DATE:  February 11, 2005