IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS,** | : | **CIVIL NO. 1:CV-00-1655** |
| **Plaintiff** | : | |
| **v.** | : | |
| **THE PENNSYLVANIA STATE POLICE,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM AND ORDER</u>

Before the court are two motions *in limine* filed by Defendant.[1]  The

first is "Defendant's Motion *In Limine* to Exclude Evidence Relating to the Report

of the Independent Monitor of the Pennsylvania State Police Dated September 27,

2004" (Doc. 52).  This motion seeks to exclude the admission of a report, known as

the Kroll Report, that would be offered to establish that Defendant did not have a

sexual harassment policy or that such policy was ineffective.  The report, which was

issued on September 27, 2004, is 68 pages long and comments on "the compliance

by the [Pennsylvania State Police] with the recommendations of the Office of

Inspector General (OIG) in its Investigative Report on Sexual Harassment and Sexual

Misconduct at the Pennsylvania State Police" during the period of May 1, 2004 to

July 31, 2004.  (Def.'s Mot. to Exclude Kroll Report, Attach. A at i.)  The report

identifies areas of progress made by Defendant; areas where progress has been made,

---

[1]Defendant filed two motions *in limine* previously that have already been disposed of by the court. (*See* Doc. 47.)  The deadline for filing motions *in limine* passed on January 21, 2005 (*see* Doc. 40); however, the instant motions involve issues that were not made known to Defendant until the attorneys' conference held pursuant to Local Rule 16.3(b), which took place on February 7, 2005.  Thus, the court will rule on these motions on the merits.

but additional reforms are needed; and an area where it was unclear whether any progress had been made. (*Id*. at vi-ix.)  Plaintiff produced this report to Defendant for the first time on February 7, 2005 at the attorneys' conference held in anticipation of the pre-trial conference scheduled for February 18, 2005.  Defendant argues that the report should be excluded because it is hearsay that does not fall within an exception and because it is an attempt to "introduce expert testimony regarding the [Pennsylvania State Police's] sexual harassment policy without having presented an expert." (Def.'s Br. in Supp. of Mot. to Exclude Kroll Report at 4.)  The court need not address these arguments, though, because the court believes that Defendant's motion should be granted for a reason that is implicit in Defendant's arguments: the production of a report of this magnitude is untimely.

        The discovery deadline in this case was May 13, 2001, and the court granted summary judgment on August 16, 2001.  The case went through two levels of appellate review, and the Supreme Court issued an opinion on June 14, 2004.  This court requested a status report on September 14, 2004.  The Kroll Report was issued on September 27, 2004.  On December 10, 2004, the court placed this case on the March trial list.  Jury selection is scheduled to begin on March 15, 2005.

        Plaintiff should have known as early as June 2004 that this case was headed for trial, but no later than December 10, 2004.  To produce a 68-page report on the brink of trial flies in the face of the underlying principles governing discovery under the Federal Rules of Civil Procedure.  *See* 6 James Wm. Moore et al., Moore's Federal Practice ¶ 26.02 ("The general purpose of discovery is to remove surprise from trial preparation so that parties may obtain the evidence necessary to evaluate and resolve their dispute.").  If Plaintiff had the desire to undergo further discovery,

she should have filed a motion to re-open discovery when the need to do so became apparent. Indeed, Plaintiff contemplated filing a request to re-open discovery in her status report dated September 27, 2004. (*See* Doc. 38 at 3.) However, the court *never* received such a request. To allow this report into evidence at this late date would highly prejudice Defendant. To respond appropriately to the report, Defendant would be required to investigate the circumstances that brought the report into being as well as the allegations contained therein. In short, Plaintiff failed to produce the report in a timely manner, and it will be excluded from trial.

Defendant's second motion is a "Motion *In Limine* to Exclude the Expert Testimony of Jerome Staller or Any Other Expert" (Doc. 54). In this motion, Defendant asserts that Plaintiff should be prohibited from presenting an expert on economic issues at trial for failure to comply with Rule 26(a)(2). Plaintiff did not disclose that she would be using an expert witness for damages until the attorneys' conference on February 7, 2005 and even then did not supply any additional information about the expert or an expert report.

Rule 26(a)(2) *mandates* that parties identify experts who may be used at trial and produce an expert report within 90 days of the date of trial.[2] The court is clearly within its authority to exclude Plaintiff's expert; however, given the prejudicial effect this would have on Plaintiff herself and because the expert's calculations will not likely be overly extensive, the court will allow Plaintiff to present an expert witness only on economic issues *if* Plaintiff complies with the requirements in this

---

[2]The court would like to point out that Plaintiff could have complied, or at least made a good faith effort to comply with the 90-day requirement in this case. The scheduling order for trial went out on December 10, 2004, and the trial is scheduled to begin on March 15, 2005.

order as set forth below.[3]  The court's order will establish a time frame for the disclosure of information from Plaintiff's expert that should allow Defendant enough time to respond adequately.  Any failure of Plaintiff to meet the requirements of this order will result in preclusion of her expert witness.[4]

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT**:

1) Defendant's Motion *In Limine* to Exclude Evidence Relating to the Report of the Independent Monitor of the Pennsylvania State Police Dated September 27, 2004 (Doc. 52) is **GRANTED**.

2) Plaintiff shall be prohibited from introducing the Kroll Report at trial.

3) Defendant's Motion *In Limine* to Exclude the Expert Testimony of Jerome Staller or Any Other Expert (Doc. 54) is **DENIED in part** and **GRANTED in part** as follows:

a) Defendant's motion is **DENIED** as to the introduction of an expert witness on economic issues.

---

[3]The court notes the apparent contradiction in allowing Plaintiff to present an expert witness even though the disclosure was untimely, but precluding the admission of the Kroll Report because it was not produced in a timely manner.  The issues the expert witness would present, however, are much more straight forward than issues surrounding the Kroll Report.  Defendant will have time to respond accordingly to Plaintiff's expert's mathematical computations given the nature of this case, but Defendant cannot be expected to respond to all of the issues lurking in the Kroll Report.  Additionally, the exclusion of Plaintiff's expert on economic issues could cause substantial prejudice to Plaintiff herself.

[4]This is not the first time that Plaintiff's counsel and the members of his firm have failed to comply with Rule 26(a)(2).  But this will be the last time that members of this firm will have the benevolence of the court in allowing an expert witness on economic issues in the "eleventh hour" without good cause.  Plaintiff's counsel consistently violates the rules of court with impunity, and the court's patience has grown thin.  Any trial is bound to present its fair share of issues that need immediate attention, but the issues that arise when Plaintiff's counsel is at the helm are often avoidable through preparation and adherence to deadlines.  The court cannot be expected to accommodate such carelessness.  Thus, let this be an admonition to Plaintiff's counsel that the court will no longer tolerate these practices.

b) Defendant's motion is **GRANTED** in all other respects.

Plaintiff is prohibited from introducing any other expert witness.

4) Plaintiff shall produce an expert report to Defendant that complies with Federal Rule of Civil Procedure 26(a)(2)(B) no later than February 18, 2005.

5) Defendant may produce its own expert report to Plaintiff no later than March 4, 2005.

6) Supplemental responses by either side shall be submitted by March 11, 2005.

7) No extension of this schedule of disclosures will be granted.

8) Plaintiff's counsel shall read and abide by Federal Rule of Civil Procedure 26(a)(2).

9) Plaintiff's counsel shall have the other members of his firm read footnote 4 of this memorandum.

    s/Sylvia H. Rambo
    Sylvia H. Rambo
    United States District Judge

Dated:  February 14, 2005.