IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY DREW SUDERS, : | |
| Plaintiff : | No. 1: CV-00-1655 |
| : | |
| v. : | JUDGE SYLVIA RAMBO |
| : | |
| ERIC EASTON, WILLIAM D. : | |
| BAKER, ERIC B. PRENDERGAST, : | JURY TRIAL DEMANDED |
| VIRGINIA SMITH ELLIOTT, : | |
| AND THE PENNSYLVANIA : | |
| STATE POLICE, : | |
| Defendants : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PROPOSED DEFENDANT EXHIBITS**

Plaintiff, Nancy Drew Suders, by and through her attorney, Don Bailey, Esquire requests this court to issue an order excluding the use of exhibits at trial which were not produced by the Defendants until the conference held on Friday, February 11, 2005 pursuant to local rule 16.3.

**I.      BACKGROUND**

Plaintiff, Nancy Drew Suders, initiated this civil rights action under 42 U.S.C. § 1983 and Title VII of the United States Code against her former employer, the Pennsylvania State Police, for subjecting her to a sexually hostile work environment by filing a complaint on September 18,

2000. The Court's case management order dated December 6, 2000 set May 13, 2001 as the deadline for discovery.

Plaintiffs were made aware for the first time at the Conference held between the parties' attorneys on February 7, 2005, pursuant to local rule 16.3, that the Defendants intended to introduce into evidence interview notes for Nancy Suders, telephone reference check forms, a background verification report, a letter to Eric Easton from the District Attorney dated August 26, 1998 and photographs. This evidence had never previously been made available to the Plaintiffs during the entire discovery process as required by the Federal Rules of Civil Procedure Rule 26.

The Pennsylvania State Police previously filed two Motions in Limine which were granted by the Court in an order dated February 4, 2005. Although the deadline for filing additional motions had passed, the Court partially granted another Motion in Limine submitted by the Defendants on February 14, 2005. Plaintiffs are on this date submitting a Motion in Limine asking the Court to issue an order to preclude the use of Defendant's exhibits which had not previously been disclosed to the Plaintiffs pursuant to the Federal Rules of Civil Procedure Rule 26. Although this motion is being filed past the deadline the Court set for filing additional motions, the Plaintiffs are submitting this request because the

Defendant's intention to use this evidence was made known to the Plaintiff for the first time at the Attorneys' 16.3 Conference on February 7, 2005 and the use of the evidence at trial would be unfairly prejudicial to the Plaintiff who has not had an opportunity to review the evidence and does not have adequate time to defend or prepare counterargument against the evidence. This brief is in support of the Plaintiff's Motion in Limine.

## II.     ISSUE

Whether the evidence which had not been previously disclosed to the Plaintiff, prior to the conference held pursuant to local rule 16.3 on February 7, 2005, should be allowed to be admitted at trial?

**[SUGGESTED ANSWER -- NO]**

## III.    ARGUMENT

The Federal Rules of Civil Procedure Rule 26(a)(1) states in pertinent part that required initial disclosures must be made:

> "Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discover request, provide to other parties…
> B.  a copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the

>> disclosing party may use to support its claims
>> or defenses, unless solely for impeachment;

Federal Rules of Civil Procedure Rule 26(a)(1).

The time frame set for initial disclosures by the Rules of Civil Procedure is:

> "these disclosures must be made at or within fourteen (14) days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action…A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

Federal Rules of Civil Procedure Rule 26(a)(1).

The time for discovery which was set by the Court ended on May 13, 2001. Defendants should have produced this evidence to Plaintiff prior to that time if they intended to use it at trial. Nevertheless, as specified by the Defendant in their Motion in Limine dated February 10, 2005, it became absolutely clear in June 2004 that this case was going to trial. As Defendants' stated in their motion, "It became even clearer on December 10, 2004 when this Court listed the case for trial." Defendants should not

be excused from these deadlines by allowing them to introduce evidence at trial, which was first produced to Plaintiff at the 16.3 conference on February 7, 2005. Plaintiff has not had the opportunity to review this evidence and does not have the time to adequately prepare to defend against this evidence or prepare counterargument for trial.

Plaintiff believes that some of the proposed documents were procured from the defendants by a "BPR" investigation that was ordered by the defendants which the defendants refused to turn over to the plaintiff claiming this was "Attorney Work Product." Now the defendants are attempting to use those documents at trial. Therefore, it would be unfairly prejudicial to allow the Defendant to present into evidence at trial the interview notes for Nancy Drew Suders, telephone reference check forms, a background verification report, a letter to Eric Easton from the District Attorney dated August 26, 1998 and photographs which were not previously disclosed until the 16.3 Conference. Furthermore, the photographs which were produced to the Plaintiffs were copies in black and white and Plaintiff has not had the opportunity to see the originals.

## IV. CONCLUSION

The Defendants should not be awarded to receive a reward for her inexcusable failure to comply with the basic obligations under the Rules of

Civil Procedure 26. This Court should exercise its authority to exclude the Defendants from producing evidence which was first presented to the Plaintiff at the 16.3 Conference.

                                                Respectfully submitted,

                                                <u>s/Don Bailey</u>
                                                Don Bailey, Esquire
                                                Attorney ID#23786
                                                4311 North Sixth Street
                                                Harrisburg, PA 17110

# CERTIFICATE OF SERVICE

I, Don Bailey, do hereby certify that on this 17th day of February 2005 I served the *Plaintiff's Brief in Support of Plaintiff's Motion in Limine to Exclude Proposed Defendant Exhibits* via electronic filing to the following:

Sarah C. Yerger, Esquire
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 705-2503

                                          Respectfully submitted,

                                          s/Don Bailey
                                          Don Bailey
                                          Attorney ID #23786
                                          4311 North Sixth Street
                                          Harrisburg, PA  17110
                                          (717) 221-9500

Dated:  February 17, 2005