IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY DREW SUDERS, | : | CIVIL NO. 1:CV-00-1655 |
| PLAINTIFF | : | |
| | : | (JUDGE RAMBO) |
| V. | : | |
| | : | (ELECTRONICALLY FILED) |
| ERIC D. EASTON, WILLIAM D. | : | |
| BAKER, ERIC B. PRENDERGAST, | : | |
| VIRGINIA SMITH ELLIOTT and THE | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| DEFENDANTS | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S POSITION AND REQUEST THIS HONORABLE COURT RECONSIDER ITS UNDERSTANDING OF THE LAW AS NOTED AT THE PRE-TRIAL CONFERENCE**

A pre-trial conference was held on Friday, February 18, 2005 before the Honorable Sylvia Rambo.  During the course of the pre-trial conference, Judge Rambo mentioned to all parties what she believed had to be proven.  Among other things, Judge Rambo noted that the fact a superior was involved in harassment was not enough, but the superior must be involved in an official act.  The judge noted that the constructive discharge would not be considered an official act.  Judge Rambo based that conclusion on her reading of the case of Pennsylvania State Police v. Suders, ____ U.S. ____, 124 Sup. Ct. 2342 (2004).  Specifically, Judge Rambo appeared to be referring to page 2355, etc.

Mr. Stretton has consulted with Attorney Donald Bailey, who argued the case before the United States Supreme Court, in terms of this interpretation.  Present counsel believes that Judge

Rambo stated that she was of the opinion if Nancy Suders, during the trial, did not demonstrate some sort of official action, then the mere showing of constructive discharge would not be enough and would result in a dismissal of the case.

This interpretation appears to be contrary to the decision in the aforementioned <u>Suders</u> case before the United States Supreme Court.  As present counsel understands that case, the entire point of the decision of the Supreme Court is that in the absence of official acts when a constructive discharge is proved, then the defendants have an opportunity to offer an affirmative defense.  The government appealed the decision of the <u>Suders</u> case to the United States Supreme Court from the opinion of the Third Circuit Court of Appeals.  The Third Circuit had held that in cases where constructive discharge was proved, the affirmative defenses were not available to the defendants.  That was the specific issue, which went to the United States Supreme Court.  The United States Supreme Court reversed the Third Circuit on the issue of a constructive discharge being equivalent to an official act.  The point is that if the plaintiff proves a constructive discharge, then the jury gets an opportunity under the aforementioned Supreme Court decision in <u>Suders</u> to hear whether or not the defendants are offering an affirmative defense.  The affirmative defense would essentially be that the employer had an in-place functioning

anti-discrimination policy and that the plaintiff, Ms. Suders, did not take advantage of it.  Obviously, that is why the plaintiff, Ms. Suders, has asked this Court to reconsider not allowing the Kroll Report or the Office of Inspector General's Report, both of which clearly demonstrate that the state police did not have an adequate policy in place.

There is no need for the plaintiffs to prove any other official act.  The constructive discharge is sufficient to keep the case to the jury.  If there was not a constructive charge, but an actual discharge, i.e., an official act, then the defendants would not be allowed to present an affirmative defense under the established case law.  But, with the constructive discharge, the case goes to the jury, but the defense has the opportunity to raise and prove an affirmative defense of a policy in place to handle this sexual harassment and discrimination and the plaintiff failed to take advantage of it.  Obviously, the plaintiff contends that the state police did not have a functioning anti-discrimination policy in place and that the plaintiff did try to report the matter, but couldn't because no effective or real procedure was in place.

In the aforementioned Suders case, at page 2355 of the United States Supreme Court decision, the Court noted as follows:

> "Essentially, Suders presents a worse case harassment scenario, harassment ratcheted up to the breaking point. Like the harassment considered in a path marking decision, harassment so intolerable as to cause a resignation may be effected through co-worker conduct, unofficial supervisory conduct or official company acts. Unlike an actual termination, which is always effected through an official act of the company, a constructive discharge need not be. A constructive discharge involves both an employee's decision to leave and precipitating conduct; the former involves no official action; the latter, like a harassment claim without any constructive discharge assertion, may or may not involve official action… To be sure, a constructive discharge is functionally the same as an actual termination in damage enhancing respects… But, when an official act does not underlie a constructive discharge, the Ellerth and Faragher analysis, we hear hold, cause for extension of the affirmative defense to the employer. As those leading decisions indicate, official directions and declarations are the acts most likely to be brought home to the employer, the measure of which the employer can exercise greatest control… Absent such an official act, the extent to which the supervisor's misconduct has been aided by the agency relation, as we early recounted… is less certain. The uncertainty, our precedent establishes… justifies affording the employer a chance to establish through the Ellerth/Faragher affirmative defense, that it should not be held vicariously liable." Id 2355.

The United States Supreme Court then noted the following.

> "The following Ellerth and Faragher, the plaintiff who alleges no tangible employment action has the duty to mitigate harm, but the defendant bears the burden to allege and prove that the plaintiff failed in that regard… We hold, however, that the Court of Appeals erred in declaring the affirmative defense described in Ellerth and Faragher, never available in constructive discharge cases. Accordingly, we vacate the Third Circuit's judgment and remand the case for further proceedings consistent with this opinion." Id 2356.

Footnote 11 also is of use.

> "Although most of the discriminatory behavior Suders alleged involved unofficial conduct, the events surrounding

      her computer-skills exams… were less obviously unofficial."
<u>Id</u> 2356, footnote 11.

    Therefore, the Plaintiff, Nancy Drew Suders, respectfully suggests that the above recitation of portions of the United States Supreme Court decision in her case, clearly demonstrate there is not a need for the Plaintiff to prove an official act. That was the whole purpose of the case going to the United States Supreme Court.  If Plaintiff proves a constructive discharge, the Plaintiff does not have to prove an official act. But, because the discharge was constructive as opposed to an actual termination, which would be an official act, then the defense is allowed to present an affirmative defense on the issue as to whether the employer had an effective remedial scheme in place and whether the Plaintiff took advantage of that.

    Therefore, the Plaintiff, Nancy Drew Suders, by and through her counsel, Samuel C. Stretton, Esquire, asks this Honorable Court reconsider its tentative statement of the law and what must be shown as stated by this Court during the pre-trial

conference.  Present counsel contends there is no need to prove an official act for the reasons above stated.

                                  Respectfully submitted,

                                  s/Samuel C. Stretton_____
                                  Samuel C. Stretton, Esquire
                                  Attorney for Plaintiff,
                                   Nancy Drew Suders
                                  301 South High Street
                                  P.O. Box 3231
                                  West Chester, PA  19381-3231
                                  (610) 696-4243
                                  Attorney I.D. No. 18491

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

NANCY DREW SUDERS,                 :   CIVIL NO. 1:CV-00-1655
               PLAINTIFF           :
                                   :   (JUDGE RAMBO)
          V.                       :
                                   :   (ELECTRONICALLY FILED)
ERIC D. EASTON, WILLIAM D.         :
BAKER, ERIC B. PRENDERGAST,        :
VIRGINIA SMITH ELLIOTT and THE     :
PENNSYLVANIA STATE POLICE,         :
               DEFENDANTS          :

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the Brief in Support of Plaintiff's Motion Respectfully Requesting the Honorable Sylvia Rambo to Reconsider in the captioned matter, upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1. Sarah Yerger, Esquire
   Senior Attorney General
   Attorney General's Office
   15th Floor Strawberry Square
   Harrisburg, PA  17120

2. Donald Bailey, Esquire
   4311 North Sixth Street
   Harrisburg, PA  17110

|  |  |
|---|---|
| | Respectfully submitted, |
| 02/21/05 | s/Samuel C. Stretton_____ |
| Date | Samuel C. Stretton, Esquire |
| | Attorney for Plaintiff, |
| | Nancy Drew Suders |
| | 301 S. High St., P.O. Box 3231 |
| | West Chester, PA  19381-3231 |
| | (610) 696-4243 |
| | Attorney I.D. No. 18491 |