

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY DREW SUDERS ) | CIVIL ACTION LAW |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | NO. 1:CV-00-1655 |
| ) | |
| ERIC EASTON, WILLIAM D. ) | |
| BAKER, ERIC B. PRENDERGAST ) | **Judge Rambo** |
| VIRGINIA SMITH ELLIOTT, ) | |
| AND THE PENNSYLVANIA ) | |
| STATE POLICE, ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants** ) | |

FILED
HARRISBURG, PA
FEB 18 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### Plaintiff's Motion to Admit in Her Case in Chief, or in the Alternative, in Rebuttal, the Kroll Report, and the Office of Inspector General's Report

The plaintiff, Nancy Suders, by her attorney Samuel C. Stretton, respectfully requests to use the Inspector General's Report and the Kroll Report either as part of their case in chief or in rebuttal to defendant's professed affirmative defenses for the following reasons:

1. On September 8, 2003 the Inspector General of Pennsylvania issued a report, a copy of which is attached hereto and marked exhibit A.

2. The specific pages, pages 63 - 84 of the Inspector General of Pennsylvania's report, clearly indicate that PSP regulations and practices were inconsistent with and in violation of Commonwealth Management

Directives regulating state agencies(including the PSP) sexual harassment policies and that the state police requirement of a written complaint (complaint verification) is not only not required, but that Commonwealth agencies had an affirmative duty to investigate and follow up on verbal complaints.

3. This is important information since impeaching PSP (previously a defendant and a material witness) Major Virginia Smith Elliott, whose testimony was that a written complaint had to be filed by Ms. Suders is a material issue in this case.

4. The Inspector General of Pennsylvania or his representative will be called as a witness. The Inspector General is Donald L. Patterson.

5. The OIG report is published on the PSP Pennsylvania web site and is a public document.

6. Attached and marked as exhibit B is the Kroll Report. Pages 12 and 13 deal with the complaint verification issue and are taken from the Inspector General's Report (exhibit A). The representative from the Kroll organization will also be call. Their names are William Nugent, Sheryl Robinson and Michael Paulick.

7. These reports are critical since otherwise the jury would be misled that the Pennsylvania State Police had in place a lawful policy or that they complied

with existing Pennsylvania State law and regulation in regard to Nancy Suders when in fact these reports demonstrate to the contrary.

Wherefore Nancy's Suders, the plaintiff, by her attorney Samuel C. Stretton respectfully requests that the OIG report, exhibit A, and the Kroll report, exhibit B, be admitted as part of her case in chief and/or be available to be used in rebuttal.

Respectfully Submitted,

By:   s/Don Bailey
       s/Samuel C. Stretton
       4311 N. 6th Street
       Harrisburg, Pa 17110
       (717) 221-9500

## CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on this 18th day of February 2005 I served a true and correct copy of the aforegoing *Plaintiff's Motion to Admit in her Case in Chief, or in the Alternative in Rebuttal, the Kroll Report, and the Office of Inspector General's Report* to the attorneys listed below by Electronic Means:

Sarah Yerger, Esquire
Senior Deputy Attorney General
Civil Litigation Section
15th Floor, Strawberry Square
Harrisburg, Pa 17108

Samuel C. Stretton, Esquire
601 South High Street
West Chester, PA  19381

RESPECTFULLY SUBMITTED,

**BAILEY & OSTROWSKI**

By:   s/Don Bailey, Esquire
      s/Samuel C. Stretton
      4311 N. 6th Street
      Harrisburg, PA  17110
      (717) 221-9500