## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-00-1655** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **Defendant** | : | **(Electronically Filed)** |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ADMIT IN HER CASE IN CHIEF, OR IN THE ALTERNATIVE, IN REBUTTAL, THE KROLL REPORT AND THE OFFICE OF INSPECTOR GENERAL'S REPORT

## PROCEDURAL AND FACTUAL HISTORY

This is an action brought by Nancy Suders, against her former employer, the Pennsylvania State Police (PSP), for allegedly subjecting her to a sexually hostile work environment while she was employed as a Police Communications Officer (PCO) at the PSP's McConnellsburg barracks.

On remand from the United States Supreme Court and the Third Circuit Court of Appeals, Suders' only remaining claim is that she has been subjected to a sexually hostile work environment by the PSP under Title VII. Trial has been set for March 14, 2005 on this sole remaining claim against the PSP.

At the February 18, 2005 pretrial conference after this Court granted the PSP's motion in limine excluding production of the Kroll Report,

plaintiff's counsel reargued their position and during the conference the Court granted plaintiff an opportunity to specify what pages of the Kroll Report counsel intended to use at trial.  In response, plaintiff filed a motion to admit the Kroll Report and the Inspector General's Report.  This is the PSP's brief in opposition to the admission of either the Kroll Report or the Inspector General's Report.

According to plaintiff's motion, pages 12 and 13 of the Kroll Report would be offered to establish that the PSP did not have a sexual harassment policy or that such policy was completely ineffective.  Until the attorneys' conference held on February 7, 2005, Suders' counsel had never produced this report or informed counsel for the PSP of his intention to introduce this report as evidence at trial.  As for the Inspector General's Report (IG Report)[1], plaintiff did not, and still has not, entered the IG Report on her exhibit list.  Furthermore, she did not inform defense counsel that she intended to use the IG report until the pretrial conference on February 18, 2005.  At the pretrial conference, plaintiff's counsel argued that the two

---

[1] The Inspector General investigated allegations of sexual harassment and misconduct at the Pennsylvania State Police and produced a report on September 8, 2003 which made recommendations about improving PSP policy and procedures regarding dealing with sexual harassment issues. Governor Ed Rendell then hired an independent agency, Kroll, to consider the recommendations made by the Inspector General and monitor the PSP's progress on improving their policy and procedure.  The Kroll Reports and the Inspector General Report are separate reports.

reports are interchangeable. The two reports are, in fact, separate and distinct documents prepared at different times and by different organizations. Nonetheless, in her motion plaintiff argues that she should be permitted to refer to pages 63-84 of the IG Report because it states that the PSP's requirement of a written complaint to initiate an investigation was inappropriate.

In response to plaintiff's motion to admit the Kroll Report and the IG Report, the PSP now files a brief in opposition to prevent Suders from presenting the Kroll Report, the IG Report, or any testimony relating to these reports at trial.

**STATEMENT OF THE ISSUE**

Whether the Kroll Report and the Inspector General Report are admissible at trial to establish that the PSP lacked an adequate sexual harassment policy?

**ARGUMENT**

**I.     Production of the Kroll Report and the Inspector General Report is Untimely.**

**A.     Kroll Report**

For all of the reasons listed in this Court's February 14, 2005 order on this issue, plaintiff should not be allowed at this late date to enter the report into evidence. Plaintiff did not disclose her intention to use this report until

the attorney's meeting on February 7, 2005.  Although defense counsel knew

of the existence of the Kroll Reports,[2] defense counsel had not seen it and

had no notice that they would be used as trial exhibits until approximately

five weeks before trial was set to begin.  To allow this Report into evidence,

even just pages 12 and 13, would be highly prejudicial to defendant.  To

respond appropriately, even just to the two pages referenced by plaintiff, the

defendant would have to investigate further the situations discussed in the

report and potentially call many more witnesses than originally

contemplated in order to defend this allegation that the PSP did not have an

adequate sexual harassment policy.  Defendant should not be prejudiced in

such a manner as a result of plaintiff's failure to produce the report in a

timely manner.

**B.    Inspector General Report**

Even more prejudicial to defendant would be the introduction of the

IG Report.  At the pretrial conference on February 18, 2005 and for the fist

time in this case, plaintiff's counsel suggested that he wanted the Inspector

General Report also entered as an exhibit.  The IG Report was not on the

plaintiff's exhibit list and was not discussed at the attorneys meeting as a

---

[2]  There are actually four separate Kroll Reports issued March, 1, 2004; June 25, 2004; September 27, 2004; and February 21, 2005.  The only report which plaintiff has indicated she wishes to enter into evidence is the September 27, 2004 report.

potential exhibit for trial.  Plaintiff's counsel suggests that because the IG

Report was lodged with the U.S. Supreme Court, defendant was on notice

about the Report.  However, lodging a document with the Supreme Court is

different from being put on notice that a document will be used at trial as

contemplated by the Rules of Federal Procedure.[3]  For all of the same

reasons listed in this Court's February 14, 2005 order on the Kroll Report,

plaintiff should not be allowed at this late date to enter the IG Report into

evidence.  Defense counsel had no notice that the IG Report could be used as

an exhibit and given that plaintiff wants to refer to 21 pages of the Report,

defendant had no time to adequately prepare a defense.

To respond appropriately to these 21 pages, the defendant would have

to investigate further the situations discussed in the report and potentially

call many more witnesses than originally contemplated in order to defend

this allegation that the PSP did not have an adequate sexual harassment

policy.  Defendant should not be prejudiced in such a manner as a result of

plaintiff's failure to produce the report in a timely manner.

---

[3] Rule 32 for the United States Supreme Court provides that "non-record material" may be lodged with the Court.  The Supreme Court's practice of allowing the lodging of a variety of materials for the benefit of that Court in rendering broad-based appellate decisions – often based on far reaching issues of public policy -  is simply not the same as giving notice that a party intends to use the same materials as evidence in a later trial.

**II.    The Kroll Report and the Inspector General Report are Hearsay.**

Even if the lack of notice were not sufficient reason to deny plaintiff the use of these exhibits at trial, the fact that they are hearsay is more than sufficient reason to deny their admission into evidence.  Suders intends to introduce the two reports as evidence to establish that the PSP did not have a sexual harassment policy or that its sexual harassment policy was inadequate.  The Kroll Report and the IG Report, though, are clearly hearsay under Fed. R. Evid. 801.  Moreover, neither report falls within any of the exceptions to the hearsay rule.  Although at first glance it might appear that the Kroll Report and the IG Report would fall within the Public Record Exception, they do not.  Neither of these reports were generated during the regular and normal course of business of the PSP, and consequently, they are not within the public records exception to the hearsay doctrine.

The Kroll Report was generated by a private entity contracted for by the Commonwealth of Pennsylvania.  The IG Report was generated by an independent agency of the Commonwealth, not the PSP.  The records upon which the Report is based are kept confidential and are not subject to disclosure.    Moreover, Suders wishes to use the subjective "expert" conclusions of the authors of these reports, as opposed to concrete "factual findings" of the type contemplated by Fed. R. Evid. 803(8).  Plaintiff should

not be allowed to introduce these "expert" reports to the jury where she has

not named an expert who could properly introduce them and where the

defendant has no adequate opportunity to cross-examine the authors of the

reports, ascertain the factual foundation upon which the reports are based,

and challenge the opinions and conclusions of those who produced the

reports.

**III.    Suders Is Attempting To Use the Kroll Report and the IG Report to Introduce Expert Testimony Regarding the PSP's Sexual Harassment Policy Without Having Presented An Expert.**

Suders never identified an expert who would testify regarding the

adequacy of the PSP's sexual harassment policy during discovery and never

presented an expert report on this subject to counsel for the PSP.  Suders is

now at the 11th hour attempting to present the Kroll Report and the IG

Report to demonstrate that the PSP's sexual harassment policy was

inadequate.  However, there is no means for the PSP to test the assertions

made in the report through cross-examination.  Therefore, in addition to the

fact that the report has been produced too late in the adversarial process, it

would create an unfair burden for the PSP to have to defend against

statements made in the report.

The IG Report is a lengthy document which covers many topics, even

if only considering pages 63-84. Additionally, the jury might be unduly

swayed by the "official" nature of both the Kroll Report and the IG Report without having any way to place the reports in their proper context. Without proper expert testimony to provide guidance to the jury, the reports would be more confusing to the jury than probative. This is particularly true given the fact that Suders' counsel intends to present selected items from the reports to establish selected facts.[4] The PSP believes that this would distort the overall findings of the authors of the report. This is nothing more than an improper attempt to circumvent the rules of discovery and the Rules of Evidence by introducing expert testimony through a previously undisclosed report. *See* Fed. R. Civ. P. 26; Fed. R. Evid. 702.

Even if relevant, such evidence is clearly more prejudicial and confusing than probative, and should be excluded pursuant to Fed. R. Evid. 403. The issue in the present case is whether Suders rights were violated under Title VII. The IG Report and the Kroll Report are critical of the PSP's sexual harassment policy because it required complainants to submit a written verification form before a formal investigation would be conducted.

---

[4] In addition to presenting only selected parts of the September 27, 2004 Kroll Report, she has selectively chosen to present only one of four reports which were produced. Due to the last minute announcement of her intention to use the September 27, 2004 Kroll Report, counsel for the PSP has not had an opportunity to fully review the four reports to determine the effect of selectively choosing a small portion of only one of these reports to present to the jury in this case.

This conclusion is based in part on the author's determination that the PSP's policy was inconsistent with other requirements under Pennsylvania state law.    However, the jury in this case is asked to decide whether Suders' rights were violated under federal law.  It would be improper and confusing to the jury to make it appear that Suders need only establish that the PSP's sexual harassment policy was inconsistent with state law.  Even if this were true, it would not prove that the PSP's sexual harassment policy was inadequate, ineffective or non-existent for purposes of federal law.

In conclusion, the issues before the Court for trial and those which the jury must decide are very narrow and concrete.  This is a claim for a sexually hostile work environment brought by Nancy Suders under federal law.  This is not a class action against the Pennsylvania State Police claiming poor sexual harassment policies.  Neither is it a claim against PSP employees who have no personal involvement in this case, but who may have failed to adhere to existing policies or otherwise been the subject of the Inspector General's investigation.  What plaintiff is attempting to do by requesting the admission of these reports is to create a class action type of case that goes well beyond the narrow focus of this case and beyond the issues before this Court.  PSP requests that plaintiff not be allowed to admit

9

these extraneous, irrelevant, and highly confusing hearsay documents that were untimely produced.

## CONCLUSION

For the reasons given above, Plaintiff's Motion to Admit in Her Case in Chief, or in the Alternative, in Rebuttal, the Kroll Report, and the Office of Inspector General's Report, should be denied.

**Respectfully submitted,**

**THOMAS W. CORBETT, JR.**
**Attorney General**

**BY:   s/Sarah C. Yerger**
**SARAH C. YERGER**
**Senior Deputy Attorney General**
**I.D. No. 70357**

**s/Howard G. Hopkirk**
**Howard G. Hopkirk**
**Senior Deputy Attorney General**
**I.D. No. 74264**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA  17120**
**(717) 705-2503 - Direct**
**(717) 772-4526 - FAX**

**DATED:  February 24, 2005**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-00-1655** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **Defendant** | : | **(Electronically Filed)** |

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Deputy Attorney General, hereby certify that

I have this day served the foregoing Brief in Support of Defendant's Motion

in Limine to Exclude the Testimony of Plaintiff with Respect to Retaliation,

via electronic filing to the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110


s/Sarah C. Yerger
SARAH C. YERGER
Senior Deputy Attorney General


DATE:  February 24, 2005