IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS,** | **CIVIL NO. 1:CV-00-1655** |
| **Plaintiff** | |
| v. | |
| **THE PENNSYLVANIA STATE POLICE,** | |
| **Defendant** | |

# **O R D E R**

Following a pretrial conference held on February 18, 2005, **IT IS HEREBY ORDERED THAT**:

    1) Jury selection and opening arguments for the captioned matter will begin at 1:30 p.m. on Monday, March 14, 2005 in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. The trial will continue on the following days; however, no court will be held on Wednesday, March 16, 2005.

    2) The parties shall proceed to trial *only* on the following issues:

        a) Whether Plaintiff's supervisors engaged in a pattern of sexual harassment that was pervasive and regular so as to create an abusive working environment;

        b) If Plaintiff's supervisors engaged in this conduct, whether Plaintiff's abusive working environment became so intolerable that a reasonable person would have felt compelled to resign;

c) Whether a supervisor's official act precipitated the constructive discharge;[1] and

d) If a supervisor's official act did not precipitate Plaintiff's constructive discharge, whether

i) The employer installed a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and

ii) Plaintiff unreasonably failed to avail herself of that employer-provided preventive or remedial apparatus.

3) Plaintiff no longer has a valid First or Fourth Amendment claim, and Plaintiff shall not reference these claims at trial.

4) As to Defendant's objections to Plaintiff's Exhibits 3 and 35, the court will defer ruling on the admissibility of these exhibits pending their proposed use at trial.

5) As to Plaintiff's objections to Defendant's Exhibits 20, 21, 22, 24, 25, 31, 33, and 34 presented in Plaintiff's motion *in limine* (Doc. 63), the court will defer ruling on the admissibility of these exhibits until trial.

6) If any of the exhibits listed in paragraphs 4 or 5 will be presented for use at trial, counsel should request a sidebar for a ruling on admissibility ***before*** the exhibit in question is introduced.

---

[1]This element of the sexual harassment analysis emerged from the Supreme Court's decision in this case. *See Pa. State Police v. Suders*, 124 S. Ct. 2342, 2351 (2004) ("We conclude that an employer does not have recourse to the *Ellerth/Faragher* defense when a supervisor's official act precipitates the constructive discharge; absent such a 'tangible employment action,' however, the defense is available to the employer whose supervisors are charged with harassment."). During the pretrial conference, there was discussion regarding what constitutes an "official act" and what effect this element has on the availability of the employer's affirmative defense. On February 22, 2005, Plaintiff filed a motion on these issues. (*See* Doc. 67.) The court will address these issues in a memorandum and order responding to Plaintiff's motion.

       7) Matters to which the court has deferred ruling shall not be referred to in opening arguments.

       8) The admissibility of certain reports was also discussed at the pretrial conference. The court will address these issues in response to Plaintiff's Motion to Admit in Her Case in Chief, or in the Alternative, in Rebuttal, the Kroll Report, and the Office of Inspector General's Report (Doc. 65).

       s/Sylvia H. Rambo
       Sylvia H. Rambo
       United States District Judge

Dated: February 24, 2005.