IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS,** | : CIVIL NO. 1:CV-00-1655 |
| **Plaintiff** | : |
| v. | : |
| **THE PENNSYLVANIA STATE POLICE,** | : |
| **Defendant** | : |

## **MEMORANDUM AND ORDER**

Before the court is Plaintiff's Motion to Admit in Her Case in Chief, or in the Alternative, in Rebuttal, the Kroll Report, and the Office of Inspector General's Report (Doc. 69). In the motion, Plaintiff seeks the admission of specific pages of two reports: (1) pages 63 to 84 of the Pennsylvania Inspector General's September 8, 2003 "Investigative Report on Sexual Harassment and Sexual Misconduct at the Pennsylvania State Police"; and (2) pages 12 to 13 of the September 27, 2004 "Report of the Independent Monitor of the Pennsylvania State Police," also known as the Kroll Report.[1] Plaintiff argues that these portions of the reports should be admitted to avoid misleading the jury that the Pennsylvania State Police ("PSP") had a lawful sexual harassment policy in place or that the PSP complied with existing Pennsylvania state laws and regulations with respect to its handling of Plaintiff's

---

[1] The court notes that Plaintiff has repeatedly referred to a "BPR report." Despite the numerous references to this report, the court is still unclear about who prepared this report, what information the report contains, why it is relevant to the captioned matter, and whether the report was disclosed in a timely manner. Additionally, the court has never seen the report. Regardless, because Plaintiff's motion only seeks the admission of portions of the Inspector General's report and the Kroll Report, the court will assume that Plaintiff has withdrawn its request to have the BPR report admitted. Thus, Plaintiff will be prohibited from introducing the BPR report at trial.

sexual harassment claims. For the reasons that follow, the court will deny Plaintiff's motion in part and defer ruling in part.

As an initial matter, the court previously ruled that the Kroll Report was inadmissible in its entirety at trial because the report was not produced in a timely manner. (*See* Doc. 57.) The court concluded that requiring Defendant to respond to such a sizeable report would be prejudicial and could significantly delay the trial. Plaintiff now seeks to admit only pages 12 to 13 of the Kroll Report. Plaintiff's request to introduce these two pages satisfies the court's concerns regarding prejudice and delay. However, the court will still preclude the admission of these pages for two reasons. First, the Kroll Report covers the period from May 1, 2004 through July 31, 2004 and comments on the Pennsylvania State Police's compliance with the Office of Inspector General's recommendations for addressing sexual harassment allegations. Thus, this report does not analyze the time frame that is relevant to the captioned matter and focuses on compliance with recommendations as opposed to identification of problems that existed during Plaintiff's employment. Second, the information contained on pages 12 to 13 is repetitive of information contained in the Inspector General's September 8, 2003 report, which, as explained below, may be admissible at trial.

The Inspector General's September 8, 2003 report (the "IG Report") was also not produced as an exhibit to be used at trial in a timely manner. If Plaintiff intended to use this report in its entirety, the court would be obligated to preclude it for the same reasons that the Kroll Report was precluded. However, Plaintiff seeks the admission of pages 63 to 84 of the report. Because the IG Report examines the time period that encompasses Plaintiff's employment at the Pennsylvania State

Police,[2] the court may permit some portions of the report. The court, however, would like Plaintiff to more specifically identify the portions of the pages she proposes to use at trial and the relevance of those portions. Pages 63 to 84 address numerous issues, and even though the court recognizes Plaintiff's good faith effort to reduce the amount of the report she wishes to introduce, the court believes that further reduction is possible. The purpose of doing so is to make every attempt to prevent the delay of this trial as well as to permit admission of only those portions that are relevant. If the court allows Plaintiff to rely on portions of the IG Report at trial, the court must allow Defendant an opportunity to conduct discovery to respond to the issues that could be presented. If Plaintiff reduces the portions she would like to introduce to only what is relevant to her case, Defendant may be able to put together an appropriate response before the existing trial date.

      As a final note, Defendant objects to the use of portions of the IG Report at trial on the grounds that the report is hearsay, the report is in the nature of opinion testimony, and the report is prejudicial to Defendant under Federal Rule of Evidence 403.[3] The court has weighed these considerations and finds them unavailing. First, the IG Report falls within the public records exception to the hearsay rule. Under Federal Rule of Evidence 803(8)(C), reports that contain "factual findings from an investigation made pursuant to authority granted by law" are

---

[2] The IG Report reviewed the Pennsylvania State Police's practices from 1995 to the date of the report. (*See* Doc. 69, Ex. A at ii.) Plaintiff worked at the Pennsylvania State Police in 1998.

[3] At the pre-trial conference, Defendant may have also argued that the IG Report was protected by the attorney work product doctrine. This argument, however, would fail because the attorney work product doctrine has been waived. The IG Report was publicly disclosed on the Pennsylvania State Police's website. Although disclosure of attorney work product to a third party does not necessarily waive the doctrine, if the disclosure enables the adverse party to gain access to the information, the doctrine is waived. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991).

not excluded by the hearsay rule. The IG Report was issued pursuant to Executive Order 1987-7. (*See* Doc. 69, Ex. A at 1.) Further, the report contains "factual findings" as that phrase has been defined by the Supreme Court. In *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988), the Supreme Court held that "portions of investigatory reports otherwise admissible under 803(8)(C) are not inadmissible merely because they state a conclusion or opinion."[4] For similar reasons, the fact that the report contains opinions does not preclude its admissibility or render the evidence "expert testimony." *See id.* Finally, the probative value of the report is not outweighed by the danger of prejudice to Defendant. The jury will be admonished to follow the law as instructed by the court, and the instructions will state that the relevant issue is whether Defendant's sexual harassment policy was effective. Thus, none of Defendant's objections persuade the court that the IG Report is inadmissible under these grounds.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's Motion to Admit in Her Case in Chief, or in the Alternative, in Rebuttal, the Kroll Report, and the Office of Inspector General's Report (Doc. 69)

---

[4] An investigatory report admitted under Rule 803(8)(C) must also be trustworthy. The primary factors used to determine whether a report is trustworthy include: (1) the timeliness of the investigation, (2) the special skill or experience of the official, (3) whether a hearing was held and the level at which it was conducted, and (4) possible motivational problems. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1342 (3d Cir. 2002). A report may be untrustworthy if it potentially reflects the institutional or political bias of the official that prepared it. *Id*. Based on these considerations, the court finds that the IG Report satisfies the trustworthiness requirement. The report was prepared by the Office of the Inspector General of Pennsylvania and does not indicate a bias that may be held by that body. In fact, the report is critical of the practices of the Pennsylvania State Police; therefore, there is no suggestion that the Inspector General attempted to shield the agency's conduct from the public.

is **DENIED** as to pages 12 to 13 of the Kroll Report. Pages 12 to 13 of the Kroll Report will not be admissible at trial.

      2) The court will defer ruling on the admissibility of portions of the IG Report.

      3) Plaintiff shall identify to the court which specific portions of pages 63 to 84 of the IG Report she intends to introduce at trial and explain why those portions are relevant no later than 12:00 p.m. on Monday February 28, 2005. Upon receipt of this submission, the court will rule on whether Plaintiff may introduce portions of the IG Report at trial.

      s/Sylvia H. Rambo
      Sylvia H. Rambo
      United States District Judge

Dated: February 24, 2005.