IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS,** : | |
| Plaintiff : | |
| : | No. 1:CV-00-1655 |
| v. : | |
| : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** : | |
| Defendant : | (Electronically Filed) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE FEBRUARY 24, 2005 ORDER GRANTING PLAINTIFF'S MOTION TO ADMIT PORTIONS OF THE INSPECTOR GENERAL'S REPORT**

**STATEMENT OF THE CASE**

This is an action brought by Nancy Suders against her former employer, the Pennsylvania State Police (PSP), for allegedly subjecting her to a sexually hostile work environment while she was employed as a Police Communications Officer (PCO) at the PSP's McConnellsburg barracks in 1998.

On remand from the United States Supreme Court and the Third Circuit Court of Appeals, Suders' sole remaining claim is that she was subjected to a sexually hostile work environment by the PSP under Title VII. Trial has been set for March 14, 2005 on this one remaining claim against the PSP.

By order and memorandum issued February 24, 2005, this Court issued a decision which stated that the Court may permit admission of some portions of the Inspector General's ("IG") Report at trial. The Court also suggested that, because the IG Report examines the time period that encompasses plaintiff's employment with the PSP, it may be relevant. Because defendant did not discuss at any length the relevance issues at the pretrial conference or in its brief, and because we respectfully suggest that admission of the IG report creates a serious risk of reversible error, defendant has filed a motion for reconsideration as to the admission of the IG Report. This is the PSP's brief in support of its motion for reconsideration.

## STATEMENT OF THE ISSUE

Whether the IG Report is relevant to plaintiff's claim, which is immaterial to the question whether PSP lacked an adequate harassment policy?

## ARGUMENT

**I.    The Inspector General Report is Not Relevant to Plaintiff's Claim.**

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence.  The Third Circuit has stated: "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  *Blancha v. Raymark Indust.*, 972 F.2d 507, 514 (3d Cir. 1992 )(emphasis added).  Because the rule makes evidence relevant "if it has any tendency to prove a consequential fact, it follows that the evidence is irrelevant when it has no tendency to prove the fact." *Blancha v. Raymark Indust.*, 972 F.2d 507, 514 (3d Cir. 1992 )(quoting Charles A. Wright and Kenneth W. Graham Jr., Federal Practice and Procedure: Evidence § 5166 at 74, n.47 (1978).

Given this standard, pages 63- 84 of the IG Report are immaterial to plaintiff's claim.  Those pages recommend that the PSP investigate all complaints of sexual harassment regardless whether they are in writing.  Those pages also reference specific cases where a sexual harassment claim was sustained within the State Police.  Most of this information goes to the effectiveness of the PSP's policy.  However, none of that is relevant to Nancy Suders' claim.  Given the facts of this case, Suders never claimed that the policy was ineffective and the question presented by this case is not whether the policy was ineffective but whether Ms Suders acted reasonably

to avail herself of the policy. Indeed, whether the PSP policy was effective or ineffective simply is immaterial since plaintiff did not attempt to utilize it.

Although part of the employer's affirmative defense is whether the PSP had a readily accessible and effective policy for reporting and resolving complaints, the issue of whether the PSP's policy was ineffective has never been raised by Suders throughout the history of this. The IG Report is not relevant because Suders herself did not know about it in 1998 and it does not relate to her situation. She cannot now make relevant a document that does not relate to her or her circumstances simply because the document, after the fact, makes the defendant somehow look like a less than perfect employer.

Needless to say, the danger here is that admission of such irrelevant evidence could completely divert the jury's attention from its proper inquiry. We have addressed the untimeliness of plaintiff's attempt to introduce the IG report previously and will not restate our arguments here.[1] Nonetheless, the

---

[1] The PSP does note that in the Court's order on the admissibility of the IG Report, the Court refers to the *Beech Aircraft* decision and specifically references that "portions of investigative reports otherwise admissible under 803(8) (C) are not inadmissible merely because they state a conclusion or opinion." However, the *Beech* Court further states that this is true only as long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement." *Beech*, 488 U.S. at 170. And in footnote 13, the Court additionally states that it expresses no opinion on whether legal conclusions contained in an official report are admissible as "findings of fact" under 803(8)(C). In this case, unlike in *Beech,* plaintiff is arguing that as a matter of law, the sexual harassment policy is ineffective and is attempting to use those legal conclusions as fact, thus, there is a distinction between fact and law. Additionally, under this rule, reports should not be admissible if they are not trustworthy. Some factors that Court's have considered to determine trustworthiness are: the timeliness of the investigation, the special skill of the official, whether a hearing was held, possible motivation problems, the finality of the agency findings, the extent to which there is an ascertainable record on which the findings are based, the extent to which the findings are a function of an executive, administrative, or legislative policy judgment and where the report purports to offer expert opinion, the extent to which the facts or data upon which the

danger of reversible error is compounded by the untimeliness issue and the irrelevance of the report to plaintiff's specific claim. In its effort to permit plaintiff to have a fair opportunity to present her claim, the Court should not overlook the rules to which her counsel should be held. With respect, we suggest the Court should reconsider its February 24, 2005 order permitting plaintiff to introduce portions of the IG Report.

## II. Even if Relevant, the IG Report is Unfairly Prejudicial.

Under Rule 403, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. At most, plaintiff can argue that this evidence of the IG Report may be probative of the treatment that others received regarding the harassment policy and the effectiveness in those situations, but that is not probative of what occurred with Nancy Suders. The value of that evidence does not outweigh the clear unfair prejudice this document would have against the PSP.

Since the report criticizes the PSP in many aspects, none of which has anything to do with what occurred with Nancy Suders, this report of the defendant's policies is highly prejudicial. The report could also confuse the issues. The jury may not understand that Suders must establish in her

---

opinion is based are of a type reasonably relied upon by experts in a particular field. See, *Coleman v. Home Depot*, 306 F.3d 1333, 1342 (3d Cir. 2002). In this case, the IG Report is clearly not trustworthy for numerous reasons and should be excluded based on Rules 803(8)(C)'s trustworthiness proviso.

situation that she availed herself of the policy, regardless of its effectiveness, because the report suggests that the policy was ineffective in other people's situations. That would confuse the issue and confuse the jury, thereby prejudicing the PSP. Additionally, the jury might be unduly swayed by the "official" nature of the IG Report without having any way to place it in its proper context. Without proper expert testimony to provide guidance to the jury, the report would be more confusing to the jury than probative. This is particularly true given the fact that Suders' counsel intends to present selected items from the report to establish selected "facts". The PSP believes that this would distort the overall findings of the authors of the report and create the potential for a trial within a trial on the merits of the report.

Even if relevant, such evidence is clearly more prejudicial and confusing than probative, and should be excluded pursuant to Fed. R. Evid. 403. The issue in the present case is whether Suders' rights were violated under Title VII. The IG Report is critical of the PSP's sexual harassment policy because it required complainants to submit a written verification form before a formal investigation would be conducted. This conclusion is based in part on the author's determination that the PSP's policy was inconsistent with other requirements <u>under Pennsylvania state law</u>. The jury in this case, however, is not being asked to decide whether Suders' rights were violated

6

under Pennsylvania law; they are asked to decide whether Suders' rights were violated under federal law. It would be improper and confusing to the jury to make it appear that Suders need only establish that the PSP's sexual harassment policy was found to be inconsistent with state law. Even if this were true, it certainly would not prove that the PSP's sexual harassment policy was inadequate, ineffective or non-existent for purposes of federal law.

Finally, as we have mentioned above, the issue of the probative value of the IG report easily could devalue into a mini-trial within a trial, this further distracting the jury from its proper function. The PSP will have to challenge the basis for plaintiff's reliance upon the probative value of the IG report, either through cross-examination of plaintiff's supporting witnesses or through plaintiff's own witnesses, to refute plaintiff's attempt to prove her personal claim through the unrelated IG report. The merits of plaintiff's claim would be pushed further into the background as the jury hears evidence and counter-evidence on the IG report. The danger of the jury's making a confused decision is apparent.

For these reasons, the PSP respectfully requests this Court reconsider its finding that any part of the IG Report is relevant and admissible. The PSP further requests the exclusion of the report from trial.

## **CONCLUSION**

For the reasons given above, defendant's motion for reconsideration should be granted.

        **Respectfully submitted,**

        **THOMAS W. CORBETT, JR.**
        **Attorney General**

**BY:** <u>**s/Sarah C. Yerger**</u>
    **SARAH C. YERGER**
    **Senior Deputy Attorney General**
    **I.D. No. 70357**

    <u>**s/Howard G. Hopkirk**</u>
    **Howard G. Hopkirk**
    **Senior Deputy Attorney General**
    **I.D. No. 74264**

    **SUSAN J. FORNEY**
    **Chief Deputy Attorney General**
    **Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA  17120**
**(717) 705-2503 - Direct**
**(717) 772-4526 - FAX**

**DATED:  February 25, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS** | : | |
| Plaintiff | : | |
| | : | No. 1:CV-00-1655 |
| v. | : | |
| | : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** | : | |
| Defendant | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Deputy Attorney General, hereby certify that I have this day served the foregoing Brief in Support of Defendant's Motion for Reconsideration, via electronic filing to the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110

                              s/Sarah C. Yerger
                              SARAH C. YERGER
                              Senior Deputy Attorney General

DATE:  February 25, 2005