IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY DREW SUDERS, | : | CIVIL NO. 1:CV-00-1655 |
|     Plaintiff | : | |
| | : | (JUDGE RAMBO) |
|   vs. | : | |
| | : | *Electronically Filed* |
| ERIC D. EASTON, WILLIAM D. | : | |
| BAKER, ERIC B. PRENDERGAST, | : | |
| VIRGINIA SMITH ELLIOTT and | : | |
| THE PENNSYLVANIA STATE POLICE, | : | |
|     Defendants | : | |

**PLAINTIFF'S DESIGNATION OF PAGES
AND PURPOSE IN THE INSPECTOR GENERAL'S REPORT**

The Plaintiff, Nancy Suders, by her counsel, Samuel C. Stretton, Esquire, would refer to the following pages of the Inspector General's Report.

A)   Pp. 64-64 – The fact the Pennsylvania State Police Administrative regulations are not consistent with Commonwealth Management directives relating to sexual harassment.  This is to refute the Defendant's position that Nancy Suders did not follow through with a written complaint and did not take advantage of the procedure in place.  There was no need for a written complaint under the Commonwealth Management rules and the State Police procedure was not in compliance.  All Complaints were to be investigated whether formal or informal.  This was not done in the Suders case.  The State Police regulations

allowed the refusal to file a written complaint to be a withdrawal.

  B)  Pp. 64-65 – The Pennsylvania State Police did not have a procedure in place to allow the current Equal Employment Opportunity Office to conduct or directly supervise investigations itself.  Further, the State Police regulations were not in compliance since they were restricted to investigate.

  C.  P. 66 – The State Police investigators are not trained in the investigation of sexual harassment and lack the sensitivity to do so.  This again refutes the State Police position there was an adequate anti-harassment program in place.

  D.  Pp. 66-67 – The State Police have not made substantive sexual harassment education an ongoing effort.  As a result, the investigators were not properly trained in violation of the Commonwealth requirement and this demonstrates there was not an effective anti-harassment program in place.

  E.  Pp. 68-69 – The Equal Opportunity Office of the Pennsylvania State Police did not have adequate and sufficient personnel assigned to be able to carry out their investigative duty for sexual harassment.  As a result, a liaison officer not within the chain of command

might be utilized.  This again demonstrates the lack of an adequate program in place used by the Pennsylvania State Police.

    F.   Pp. 75, 76, 77 – State Police policies and practices on sexual harassment limit the authority of the Equal Employment Opportunity Office to investigate claims of harassment and to conduct training.  The lack of staff further contributes to the performance of duties.  This results in a lack of respect for the mission and sends a message the State Police are not interested in maintaining an environment free of sexual harassment and misconduct.  This would be used to demonstrate there was no adequate police in place.

    G.   Pp. 79-82 – Sets forth summary of charges to be made and demonstrates the program in place for Ms. Suders was not adequate and grossly defective.

    Respectfully submitted,

*s/Samuel C. Stretton, Esquire*
Samuel C. Stretton, Esquire
Attorney for Plaintiff,
Nancy Suders
301 S. High Street
P.O. Box 3231
West Chester, PA  19381
610-696-4243
Attorney I.D. No. 18491

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DREW SUDERS,** | : | CIVIL NO. 1:CV-00-1655 |
| Plaintiff | : | |
| | : | (JUDGE RAMBO) |
| vs. | : | |
| | : | *Electronically Filed* |
| **ERIC D. EASTON, WILLIAM D.** | : | |
| **BAKER, ERIC B. PRENDERGAST,** | : | |
| **VIRGINIA SMITH ELLIOTT and** | : | |
| **THE PENNSYLVANIA STATE POLICE,** | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the Plaintiff's Designation of Pages and Purpose in the Inspector General's Report in the captioned matter upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1. Sarah Yerger, Esquire
   Senior Attorney General
   Attorney General's Office
   15th Floor, Strawberry Square
   Harrisburg, PA  17120

2. Donald Bailey, Esquire
   4311 North Sixth Street
   Harrisburg, PA  17110

                            Respectfully submitted,

*2/28/05*                   *s/Samuel C. Stretton, Esquire*
                            Samuel C. Stretton, Esquire
                            301 S. High Street
                            P.O. Box 3231
                            West Chester, PA  19381
                            610-696-4243
                            Attorney I.D. No. 18491