# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS** : | |
|    Plaintiff : | |
| : | No. 1:CV-00-1655 |
| v. : | |
| : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** : | |
|    Defendant : | (Electronically Filed) |

### DEFENDANT'S PROPOSED POINTS FOR CHARGE

          Respectfully submitted,

          THOMAS W. CORBETT, JR.
          Attorney General

BY:  /s/ Sarah C. Yerger
      SARAH C. YERGER
      Senior Deputy Attorney General
      I.D. No. 70357

      s/Howard G. Hopkirk
      Howard G. Hopkirk
      Senior Deputy Attorney General
      I.D. No. 74264

      SUSAN J. FORNEY
**Office of Attorney General**    Chief Deputy Attorney General
**Litigation Section**    Chief, Litigation Section
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**(717) 705-2503 – Direct**
**(717) 772-4526 – Fax**

**DATED:  March 11, 2005**

## DEFENDANT'S POINT FOR CHARGE 1

**NATURE OF ACTION**

This is an employment case, brought under a statute known as Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, and national origin. The plaintiff, Nancy Suders, contends that her employer, the Pennsylvania State Police violated Title VII because she was subjected to a sexually hostile work environment.

*See* 42 U.S.C. §2000e-2(a)(1) *et seq.*
*Meritor Saving Bank FSB v. Vinson*, 477 U.S. 57, 65 (1986).

## **DEFENDANT'S POINT FOR CHARGE 2**

**SEXUALLY HOSTILE WORK ENVIRONMENT ELEMENTS**

To prevail on a sexual harassment claim such as this, which is based on the alleged existence of a sexually hostile work environment, the plaintiff must prove five things by a preponderance of the evidence. I will list these, and then provide further information on these requirements.

First, plaintiff must show that she suffered intentional discrimination due to her sex.

Second, plaintiff must show that the discrimination was "pervasive" or "severe."

Third, plaintiff must show that the discriminatory acts detrimentally affected her.

Fourth, plaintiff must show that a reasonable person of the same sex, in the same position, would also have been detrimentally affected by the acts she challenges.

And fifth, there must be *"respondeat superior"* liability, or employer responsibility for the acts in question. As I will explain to you more fully later, it is not enough that the plaintiff show that she was subjected to a sexually hostile work environment. She must also establish that the employer is responsible for the acts complained of.

In order to find for the plaintiff, you must conclude that she established each of these elements by a preponderance of the evidence. If, on the other hand, you conclude that she failed to establish any one of these elements, you must find in favor of the defendant.

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993)
*Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir.), *cert. denied*, 528 U.S. 964 (1999)
*Andrews v. City of Philadelphia,* 895 F.2d 1469, 1482 (3d Cir. 1990).

## **DEFENDANT'S POINT FOR CHARGE 3**

**SECOND ELEMENT – WHAT IS SEVERE AND PERVASIVE**

  To establish a hostile or abusive working environment, plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.  In determining whether a work environment is hostile or abusive, you must look at all the circumstances including: the total physical environment of the plaintiff's work area; the degree and type of obscenity that filled the environment before and after plaintiff arrived; the reasonable expectations of the plaintiff upon entering the environment; the frequency of the offensive conduct; the nature of the unwelcome sexual acts or words; the severity of the conduct; whether the conduct was physically threatening or humiliating; whether it was merely an offensive utterance; and whether it unreasonably interfered with the employee's work performance.

  The effect on the plaintiff's mental and emotional wellbeing is also relevant to determining whether plaintiff actually found the workplace environment to be hostile or abusive, but while psychological harm, like any other relevant factor may be taken into account, no single factor is required.

  Conduct that only amounts to ordinary socializing in the workplace, such as horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing does not constitute an abusive or hostile work environment.  Only extreme conduct amounting to a material change in the terms and conditions of employment can violate Title VII.

  The law concerns itself with incidents or conduct which is so severe or pervasive that it actually affects (or affected) the plaintiff's terms and conditions of employment.  "[C]onduct must be extreme to amount to a change in the terms and conditions of employment."  For example, depending on all the circumstances, the use, or threatened use, of physical force may be considered severe.  On the other hand, behavior which is merely annoying would not be severe.

  "The mere utterance of an epithet, joke, or inappropriate taunt that may cause offense does not sufficiently affect the conditions of employment to implicate Title VII liability."

  "Not all workplace conduct that has sexual overtones can be characterized as forbidden harassment."  Title VII is not a "general civility code" for the workplace.

In deciding whether the incidents in question here were "severe" or not, you must take into account the context or setting in which they occurred. "The work culture in some situations may contemplate a degree of teasing and taunting that in other circumstances might be considered cruel and outrageous."

"Pervasive" conduct may contribute to a sexually hostile work environment, even if it is not truly "severe." In order to establish that unwelcome conduct was sufficiently pervasive, the plaintiff must prove that it was ongoing and repeated. Harassment is "pervasive" when incidents occur in conjunction with each other, repeatedly or with regularity. Acts of alleged harassment which are occasional, isolated, or sporadic are not actionable and cannot be considered "pervasive."

*Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)
*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)
*Weston v. Commonwealth*, 251 F.3d 420, 426, 428 (3d Cir. 2001)
*Sundowner Offshore Services*, 523 U.S. 75 (1998)
*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1483-84 (3d Cir. 1990)
*See also Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 715 (3d Cir. 1997)
*3C Federal Jury Practice and Instructions*, § 171.40 (5th ed.)

## DEFENDANT'S POINT FOR CHARGE 4

**FIFTH ELEMENT– EMPLOYER LIABILITY/AFFIRMATIVE DEFENSE**
 (Assuming no tangible employment action/official act)

If you conclude that the plaintiff has established that she was subjected to a sexually hostile work environment, you must then consider whether the Pennsylvania State Police is liable for that environment. The State Police may avoid liability by proving that (1) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and, (2) the employee has unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm.

Remedial action which in fact stops the challenged harassment is, by definition, "effective" and legally adequate. Remedial measures that – when taken – are reasonably calculated to prevent future harassment are also legally adequate, even if those measures later turn out to have been less than fully effective.

In determining whether the State Police exercised reasonable care to prevent and promptly correct any sexually harassing behavior you may consider whether the State Police promulgated an anti-harassment policy with a complaint procedure. You may also consider whether the actions the State Police took in response to any complaints which you find were made by the plaintiff were reasonably calculated under the circumstances to prevent further harassment. If you decide that the State Police's actions were reasonably calculated to prevent further harassment, the State Police has satisfied its burden on the first prong of its defense, even if you determine that its efforts were not successful.

In deciding whether the State Police has established a defense to plaintiff's sexually hostile work environment claim, you must also consider whether the plaintiff failed to take advantage of preventative or corrective opportunities provided by the employer to avoid harm. The fact that the State Police has an express written policy against sexual harassment does not automatically protect it from being held responsible, but it may be considered. In light of the existence of this policy, you may conclude that the Department does not authorize or condone sexual harassment, and has measures in place to address harassment claims, but you are not required to reach this conclusion.

In this case, there was also evidence presented that plaintiff failed to report alleged incidents of sexual harassment or failed to report such incidents promptly. If you find that the plaintiff acted unreasonably in delaying making her complaint or unreasonably failed to take advantage of the preventive or corrective opportunities provided by the State Police, then you must find that the State Police has satisfied the second prong of its defense.

5

*Weston v. Commonwealth*, 251 F.3d 420, 427 (3d Cir. 2001)
*Burlington Industries v. Ellerth*, 524 U.S. 742, 765 (1998)
*Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293-94 (3d Cir.), *cert. denied*, 528 U.S. 964 (1999)
*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1486 (3d Cir. 1990)
*Knabe v. The Boury Corp.*, 114 F.3d 407, 411 (3d Cir. 1997)
*Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986)
*Bouton v. BMW of North America, Inc.*, 29 F.3d 103, 109-110 (3d Cir. 1994)
*Suders v. PSP*, ___ U.S. ___, 124 S. Ct. 2342, 2349 (2004)
*3C Federal Jury Practice and Instructions*, § 171.41, 171.74 (5th ed.)

*Weston v. Commonwealth*, 251 F.3d 420, 427 (3d Cir. 2001)
*Burlington Industries v. Ellerth*, 524 U.S. 742, 765 (1998)
*Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293-94 (3d Cir.), *cert. denied*, 528 U.S. 964 (1999)
*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1486 (3d Cir. 1990)
*Knabe v. The Boury Corp.*, 114 F.3d 407, 411 (3d Cir. 1997)
*Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986)
*Bouton v. BMW of North America, Inc.*, 29 F.3d 103, 109-110 (3d Cir. 1994)
*Suders v. PSP*, ___ U.S. ___, 124 S. Ct. 2342, 2349 (2004)
*3C Federal Jury Practice and Instructions*, § 171.41, 171.74 (5th ed.)

# DEFENDANT'S POINT FOR CHARGE 5

**CONSTRUCTIVE DISCHARGE**

The plaintiff also claims that she was constructively discharged from her position with the Pennsylvania State Police. In other words, she claims that the hostile work environment was so intolerable that she was forced to resign her position. If you find that the plaintiff was subjected to a sexually hostile work environment, you may, but are not required to, find that she was also constructively discharged. In order to establish that she was constructively discharged, the plaintiff must show more than that she was subjected to a hostile work environment. She must also demonstrate that the working conditions were so intolerable that a reasonable person would have felt compelled to resign. Under Title VII, an employee who alleges that she is the victim of sexual harassment is ordinarily expected to remain on the job while she seeks redress with her employer. You can find that the plaintiff was constructively discharged only if you find that it was unreasonable to expect her to stay on the job given the sexually hostile work environment she was subjected to.

*Suders*, ___ U.S. ___. 124 S. Ct. 2342, 2354 (2004).

## **DEFENDANT'S POINT FOR CHARGE 6**

**COMPENSATORY DAMAGES**

If you find that defendant discriminated against plaintiff based on plaintiff's sex, and that defendant is not entitled to the affirmative defense, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages you award must be fair compensation- no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing and award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

42 U.S.C.A. §1981a.
*3C Federal Jury Practice and Instructions*, § 171.90 (5th ed.)

## **DEFENDANT'S POINT FOR CHARGE 7**

### **BACK PAY**

If you determine that defendant discriminated against plaintiff in constructively discharging her, then you must determine the amount of damages that defendant's actions have caused plaintiff.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff would have received had plaintiff not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings.

42 U.S.C.A. §1981a.
*3C Federal Jury Practice and Instructions*, § 171.91 (5th ed.)

9

## **DEFENDANT'S POINT FOR CHARGE 8**

**FRONT PAY**

You must also calculate, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff would have earned had plaintiff not been constructively discharged for the period from the date of your verdict until the date when plaintiff would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the ward if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff if plaintiff receives it today than if plaintiff received it in the future, when plaintiff otherwise would have earned it.  It is more valuable because plaintiff can earn interest on it for a period of time between the date of the award and the date plaintiff would have earned the money.  Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff can earn on that amount in the future.

42 U.S.C.A. §1981a.
*3C Federal Jury Practice and Instructions*, § 171.92 (5th ed.)

# **DEFENDANT'S POINT FOR CHARGE 9**

**MITIGATION OF DAMAGES**

     Plaintiff must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This is referred to as mitigation of damages. Defendant must prove by a preponderance of the evidence that plaintiff failed to mitigate her damages for loss of compensation.

     If you determine that plaintiff is entitled to lost compensation, you must reduce the loss by what plaintiff earned and what plaintiff could have earned by reasonable effort during the period from plaintiff's constructive discharge until the date of trial.

     Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider the type of work, the hours worked, the compensation, the job security, the working conditions, and other conditions of employment.

     You must decide whether plaintiff acted reasonably in not seeking or accepting a particular job. If you determine plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

     You must not compensate plaintiff for any portions of plaintiff's loss of compensation resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's loss of compensation.

42 U.S.C.A. §1981a.
*3C Federal Jury Practice and Instructions*, § 171.95 (5th ed.)

**DATED: March 11, 2005**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS** : | |
| Plaintiff : | |
| : | No. 1:CV-00-1655 |
| v. : | |
| : | (Judge Rambo) |
| **PENNSYLVANIA STATE POLICE,** : | |
| Defendant : | (Electronically Filed) |

### CERTIFICATE OF SERVICE

I, SARAH C. YERGER, Senior Deputy Attorney General, hereby certify that on March 11, 2005, I caused to be electronically filed the foregoing document entitled **Defendant's Proposed Points for Charge,** by serving same upon the following:

Donald Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Samuel Stretton, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Sheri Coover, Esquire
4311 North 6th Street
Harrisburg, PA 17110

                                              **/s/ Sarah C. Yerger**
                                              **SARAH C. YERGER**
                                              **Senior Deputy Attorney General**
                                              **I.D. No. 70357**