IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY DREW SUDERS, | : | CIVIL NO. 1:CV-00-1655 |
| PLAINTIFF | : | |
| | : | (JUDGE RAMBO) |
| V. | : | |
| | : | (ELECTRONICALLY FILED) |
| ERIC D. EASTON, WILLIAM D. | : | |
| BAKER, ERIC B. PRENDERGAST, | : | |
| VIRGINIA SMITH ELLIOTT and THE | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| DEFENDANTS | : | |

**POINTS FOR CHARGE**

1. <u>Burden of Proof</u> –

"The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.  What does a preponderance of the evidence mean?  To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not.  A preponderance of the evidence means a greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them and all the relevant exhibits received in evidence,

regardless of who may have produced them.  If you find that credible evidence on a given issue is evenly divided between the parties, that is equally probable that one side is right as it is that the other side is right, then you must decide the issue against he party having this burden of proof.  That is because the party bearing the burden must prove more than simple equality of evidence, he must prove the element at issue by a preponderance of the evidence." <u>Modern Jury Instructions</u>, Sand, Siffert, Reiss, Sexton and Thorpe; Instruction 73-2.

2.   Nancy Suders, the Plaintiff, bases her lawsuit on Title VII of the Civil Rights Act of 1964.  That Act provides that it shall be an unlawful employment practice for an employer to discharge or to cause an individual to leave, or otherwise discriminate against that individual or harass that individual because of the individual's sex.  Unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for any employment practice.  <u>Modern Federal Jury Instructions</u>, Sand, Siffert, Instruction with Modification 88-42.

3.   In order to establish a prima facie case under Title VII for constructive termination, the Plaintiff must demonstrate by a preponderance of the evidence that (1) she belongs to a protected class; (2) she was qualified and satisfactorily performing her job and (3) she was forced to terminate her job under circumstances giving rise to sexual harassment and discrimination.  <u>Modern Federal Jury Instructions</u>, Sand, Siffert, Instruction 88-44 with modification.

4.   In order for a Plaintiff to maintain a Title VII claim based on a hostile work environment of sexual harassment, Plaintiff must prove by a preponderance of the evidence that the totality of the circumstances shows a hostile or abusive working environment that the Plaintiff considered to be hostile and abusive and that a reasonable woman in the same situation would consider hostile and abusive.  In determining whether the work environment was hostile or abusive, you must consider the following factors: a) whether Plaintiff was subject to unwelcome conduct of a sexual nature or conduct that had the purpose of intimidating or threatening her, b) whether she was subjected to that conduct because of her sex, and c) whether the conduct was pervasive and regular as opposed to merely being isolated and infrequent.  <u>Harris v. Forklift Systems, Inc</u>., 510 U.S. 17, 21-22, 114 S. Ct. 367, 370 (1993); <u>Andrews</u>, 895 F. 2d at 1482-83.

5.   In evaluating this case, there are two issues for you to consider.  First, if the hostile work environment, as the Plaintiff has alleged, has resulted in an employment action in which she is officially terminated by the defendant, then the defendant is liable as a matter of law for the Plaintiff's damages.  Second, if the hostile work environment and the sexual harassment that took place resulted in the Plaintiffs leaving the employment, but without an official action of termination, the Defendant has the right to present an affirmative defense.  As part of this affirmative defense, the Defendant has to prove beyond a preponderance of the evidence that there was in place at all pertinent times a valid written procedure for handling complaints of sexual harassment.  The Defendant also must prove to you by a preponderance of the evidence that Ms. Suders failed to utilize that complaint procedure.  The mere existence of a sexual harassment policy is not enough.  The Defendant bears the burden of proving that any policy that is in place was effective to prevent sexual harassment from occurring and to remedy the effects of past sexual harassment.  If you do not find that the sexual harassment plan, if any, in effect was sufficient in these regards, the Defendant then has failed to meet its burden of proof.  If you find the Defendant failed in its burden of proof on either aspect of the Defendant's obligation to prove an affirmative defense, then your verdict must be in favor of the

plaintiff.  (See Judge Rambo's Memorandum Opinion dated February 24, 2005).

6.    The Plaintiff, Ms. Suders, need not prove an official act terminated her, but only has to prove to you by a preponderance of the evidence a constructive discharge, i.e., the harassing sexual misconduct was such that she could no longer remain on the job and left as a direct result of the sexual harassment she was forced to undergo by the Defendant.  If Ms. Suders has proven to you beyond a preponderance of the evidence that she has left the job due to the sexually harassing environment, the Defendant has the right to present an affirmative defense.  As part of this affirmative defense, the Defendant has to prove beyond a preponderance of the evidence that there was in place at all pertinent times a valid written procedure for handling complaints of sexual harassment.  The Defendant also must prove to you by a preponderance of the evidence that Ms. Suders failed to utilize that complaint procedure.  The mere existence of a sexual harassment policy is not enough.  The Defendant bears the burden of proving that any policy that is in place was effective to prevent sexual harassment from occurring and to remedy the effects of past sexual harassment.  If you do not find that the sexual harassment plan, if any, in effect was sufficient in these regards, the Defendant then has failed to meet its burden of proof.  If you find the Defendant failed in its burden of proof on either aspect of the Defendant's obligation to prove an affirmative defense, then your verdict must be in favor of the

plaintiff.  <u>Suders v. Pennsylvania State Police</u>, ____ U.S. ____, 124 Sup. Ct. 2342 (2004).  See also Judge Rambo's Memorandum Opinion dated February 24, 2005.

7.   For there to be a constructive discharge, the Plaintiff, Ms. Suders, must prove to you by a preponderance of the evidence that the sexually harassing conduct by her supervisors resulted in the Plaintiff being forced to resign or terminate her employment.  This is what the law calls a constructive discharge, i.e., where the employer did not officially terminate the Plaintiff, but the sexual harassment actions by the employer were of such a nature and duration that the Plaintiff, Ms. Suders, was compelled to leave the employment.  The conduct to which the Plaintiff was exposed would have led a reasonable employee under similar circumstances to conclude that resignation was the only alternative.  The harassment can be conduct of a coworker, unofficial supervisory conduct or through official acts of the Defendant.  A constructive discharge is functionally the same as a termination, ending an employee relationship and causing the direct harm.  (<u>Suders v. Pennsylvania State Police</u>, ____ U.S. ____, 124 Sup. Ct. 2342, 2346 (2004).

8.    Damages

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the Plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the Plaintiff, then you must award her such a sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of the defendant.

You shall award actual damages only for those injuries, which you find that Plaintiff has proven by a preponderance of the evidence.  Moreover, you shall award actual damages only for those injuries, which you find the Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the Defendants in violation of Title VII of the Civil Rights Act.  That is, you may not simply award actual damages for any injury suffered by Plaintiff - - you must award actual damages only for those injuries that are a direct result of actions by the defendant and that are a direct result of conduct by the defendant which violated Plaintiff's federal right under Title VII of the United States Code.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  <u>Modern Federal Jury Instructions</u>, Volume 4, 87-87.

9.   I have said that you may award damages only for those injuries, which you find the Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants in violation of Title VII.  You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that the defendants deprived the Plaintiff of her rights in violation of Title VII of the Civil Rights Act, you must ask whether the Plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

If you find that the damages suffered by the Plaintiff were partly the result of conduct by the Defendants that was legal and partly the result of conduct by them that was illegal, you must apportion the damages between the legal and illegal conduct – that is, you must assess the relative importance of the legal and illegal conduct and allocate the damages accordingly.

<u>Modern Federal Jury Instructions</u>, 87-89.

10.  The actual damages that the Plaintiff contends and what she must prove to you by a preponderance of the evidence is her lost employment benefits, which includes lost wages, future lost wages and lost benefits.  The second claim is the emotional and mental distress and humiliation and embarrassment the Plaintiff has claimed as a result of the termination.  Third is a loss of reputation.  It is for you, the jury, to decide the value and amount of the damages.

11.  A violation of a constitutional or civil right is never a de minimus act.  A person whose Title VII right is violated is entitled to damages even when there is no actual injury.  In this case, the Plaintiff has alleged actual injury.  <u>Lewis v. Woods</u>, 848 F.2d 649, 651 (5th Cir., 1988).

        Respectfully submitted,

        _____
        Samuel C. Stretton, Esquire
        Attorney for Plaintiff
        301 South High Street
        P.O. Box 3231
        West Chester, PA  19381-3231
        (610) 696-4243
        Attorney I.D. No. 18491

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY DREW SUDERS,              :   CIVIL NO. 1:CV-00-1655
           PLAINTIFF            :
                                :   (JUDGE RAMBO)
       V.                       :
                                :   (ELECTRONICALLY FILED)
ERIC D. EASTON, WILLIAM D.      :
BAKER, ERIC B. PRENDERGAST,     :
VIRGINIA SMITH ELLIOTT and THE  :
PENNSYLVANIA STATE POLICE,      :
           DEFENDANTS           :
```

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the Plaintiff's Points for Charge in the captioned matter, upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1.  Sarah Yerger, Esquire
    Senior Attorney General
    Attorney General's Office
    15th Floor Strawberry Square
    Harrisburg, PA  17120

2.  Donald Bailey, Esquire
    4311 North Sixth Street
    Harrisburg, PA  17110

|  |  |
|---|---|
| 03/10/05<br>Date | Respectfully submitted,<br>s/Samuel C. Stretton<br>Samuel C. Stretton, Esquire<br>Attorney for Plaintiff,<br> Nancy Drew Suders<br>301 South High Street<br>P.O. Box 3231<br>West Chester, PA  19381-3231<br>(610) 696-4243<br>Attorney I.D. No. 18491 |