IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY DREW SUDERS,** : | **CIVIL NO. 1:CV-00-1655** |
| **Plaintiff** : | |
| v. : | |
| **THE PENNSYLVANIA STATE POLICE,** : | |
| **Defendant** : | |

# MEMORANDUM AND ORDER

The background of this memorandum and order is as follows. On March 11, 2005, Defendant submitted a trial memorandum (Doc. 82) that raised two issues that the court wishes to address before the trial begins. The first is that Defendant seeks to amend its exhibit list to add an exhibit that was not discovered until after the pre-trial conference. Defendant labeled this proposed exhibit as Exhibit 44. The exhibit is a log documenting a conversation between Plaintiff and the Equal Employment Officer of the Pennsylvania State Police ("PSP") that took place just before Plaintiff resigned. Defendant's counsel was not made aware of the existence of the log until March 2005 despite her attempts to uncover all relevant documents in the possession of her client. Defendant asserts that the log should be admitted even though it was only recently produced because Plaintiff did not make any discovery requests that would have led to disclosure of the document and because the document is relevant to the elements of the *Ellerth/Faragher* affirmative defense.

Upon review of Defendant's arguments, the court concludes that the log should not be admitted at trial. The court realizes that Defendant just discovered the document; however, the document very well could have been discovered long ago. Regardless, to allow Defendant to use the log as an exhibit at trial would highly prejudice Plaintiff. Defendant asserts that Plaintiff received the log last week, but Plaintiff still would not have had enough time to adequately investigate issues related to it. Because Plaintiff would be prejudiced by the admission of the log at trial, the court will preclude its admission.

The second issue the court would like to address is whether Plaintiff may call Charles Skurkis or any other individual not identified prior to the pre-trial conference at trial. Counsel for Defendant learned on March 10, 2005 that Charles Skurkis was attempted to be subpoenaed to testify at trial, and this was the first notice that she had received that Plaintiff intended to call Mr. Skurkis as a witness. Defendant correctly points out that Mr. Skurkis could have been identified as a witness previously. In short, Plaintiff has failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(3)(A). Thus, the court will preclude Mr. Skurkis or any other individual not identified prior to the pre-trial conference from testifying at trial.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT**:

1) Defendant's proposed Exhibit 44, a log documenting a conversation between Plaintiff and the PSP's Equal Employment Officer, shall be excluded from admission at trial.

       2) Plaintiff shall be prohibited from calling Charles Skurkis or any other individual not identified prior to the pre-trail conference at trial.

                                                    s/Sylvia H. Rambo
                                                    Sylvia H. Rambo
                                                    United States District Judge

Dated: March 14, 2005.