# Westlaw.

Not Reported in F.Supp.
1998 WL 386118 (E.D.Pa.)
(Cite as: 1998 WL 386118 (E.D.Pa.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
William C. PYNE
v.
PROCACCI BROTHERS SALES CORP. and
Garden State Farms, Inc.
No. CIV. A. 96-7314.

July 10, 1998.

*MEMORANDUM ORDER*

WALDMAN.

*1 Defendant has moved for summary judgment in this Title VII sexually hostile work environment and retaliatory discharge case.

Defendant argues that same-sex harassment is not actionable under Title VII and that, in any event, defendant did not "authorize" the offending behavior by its supervisor and took "appropriate remedial action" upon being advised of it. Defendant argues that plaintiff cannot sustain his retaliatory discharge claim because even if plaintiff was fired for filing a police complaint against his supervisor for sexual assault in the workplace, "the filing of a criminal charge is not 'protected activity' under Title VII."

It is now clear that discriminatory same-sex harassment is actionable under Title VII. *See Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, ---- - ----, 118 S.Ct. 998, 1001-02, 140 L.Ed.2d 201 (1998). From plaintiff's version of events, if credited, a jury could reasonably conclude that he was subjected to uninvited and offensive touching sufficiently pervasive or objectively severe to alter the conditions of his employment and to create an abusive working environment, to which he would not have been subjected but for his sex, and, indeed, defendant has not argued otherwise. *See Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 20-21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

The question is not whether an employer has "authorized" a supervisor to engage in sexual harassment. It would be a rare employer indeed who would actually authorize its supervisors sexually to harass its employees. Also, while "appropriate remedial action" is not irrelevant, it is not dispositive.

From the record presented, a jury could reasonably find that defendant had not promulgated an anti-harassment policy and complaint procedure or otherwise exercised reasonable care to prevent as well as promptly to correct sexually harassing behavior. *See Burlington Industries, Inc. v. Ellerth,* 1998 WL 336326, *15 (U.S. June 26, 1998). Such a finding would not necessarily be precluded merely because plaintiff happened to complain to a personnel manager who was receptive. Particularly in the absence of a formal harassment policy and complaint procedure, a jury could find that plaintiff had not acted unreasonably in waiting 16 days and until he had a witness to complain to management. *Id.*

It is the content of a communication and not the medium of conveyance which confers protection under Title VII. *Barber v. CSX Distribution Services,* 68 F.3d 694, 702 (3d Cir.1995). The opposition clause of Title VII protects an array of formal or informal complaints or protests about prohibited employment practices. *Sumner v. U.S. Postal Service,* 899 F.2d 203, 209 (2d Cir.1990). *See also Robinson v. S.E. Pa. Transp. Authority, Red Arrow,* 982 F.2d 892, 896 (3d Cir.1993) (letter to congressman complaining of employment discrimination protected by opposition clause); *Williams v. Eckerd Family Youth Alternative,* 908 F.Supp. 908, 912-13 (M.D.Fla.1995) (complaint of racial harassment to Sheriff's Office protected under opposition clause); *Benekritis v. Johnson,* 882 F.Supp. 521, 524-25 (D.S.C.1995) (complaint to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
G

Not Reported in F.Supp.
1998 WL 386118 (E.D.Pa.)
(Cite as: 1998 WL 386118 (E.D.Pa.))

Page 2

police of senior employee's alleged criminally sexual harassment implicates opposition clause); *Wilson v. Wayne County*, 856 F.Supp. 1254, 1260 (M.D.Tenn.1994) (reporting sexual harassment to deputy sheriff and assistant district attorney protected under opposition clause).

*2 The sexually assaultive behavior reported to the police by plaintiff was part of the same pattern of behavior on which he predicates his hostile work environment claim. The filing of a police report in the circumstances presented was protected under the opposition clause of Title VII.

ACCORDINGLY, this day of July, 1998, upon consideration of defendant's Motion for Summary Judgment and plaintiff's response thereto, IT IS HEREBY ORDERED that said Motion is DENIED.

1998 WL 386118 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

. 2:96CV07314 (Docket) (Oct. 29, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atn&format=HTMLE&dataid=A0055800000...   3/13/2005