IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NANCY DREW SUDERS,**      :      **CIVIL NO. 1:CV-00-1655**
     : 
         **Plaintiff**      : 
     : 
     **v.**      : 
     : 
**THE PENNSYLVANIA**      : 
**STATE POLICE,**      : 
     : 
         **Defendant**      : 

## MEMORANDUM AND ORDER

Before the court is "Plaintiff's Brief and Exhibits in Support of Her Motion for Court to Vacate and Reconsider Its Decision to Allow the Defendant PSP the Right and Opportunity to Present an Affirmative Defense (*Ellerth/Faragher*) in the Matter at Trial and to Reinstate Plaintiffs [sic] Retaliation Claim Under the Opposition Clause of Title VII." (Doc. 84.) The precise contours of Plaintiff's arguments in this motion are difficult to discern; however, at the end of the brief, Plaintiff makes three requests. The court will address each in turn.

First, Plaintiff argues that the court should "vacate its prior orders and deny the defendants [sic] the right to present their *Ellerth/Faragher* affirmative defense." (Pl.'s Mot. for Recons., Doc. 84 at 14.) Whether Defendant may present evidence that relates to the *Ellerth/Faragher* affirmative defense is not in the court's hands. The *Ellerth/Faragher* affirmative defense is only available to Defendant if Plaintiff fails to persuade the jury by a preponderance of the evidence that a supervisor's official act precipitated her constructive discharge. *Pa. State Police v. Suders*, 124 S. Ct. 2342, 2351 (2004). Thus, the jury, through the use of a special verdict form, will decide whether the affirmative defense is available to Defendant; the

court does not have the authority to "deny the defendants [sic] the right to present their *Ellerth/Faragher* affirmative defense."[1]  (Pl.'s Mot. for Recons., Doc. 84 at 14.)

Second, Plaintiff requests the court to "order the defendants [sic] to present evidence sufficient to meet their burden in light of the law and evidence provided by plaintiffs [sic] to demonstrate an entitlement to the affirmative defense as opposed to requiring the plaintiffs [sic] to demonstrate how they are not entitled to it."  (*Id*.)  Plaintiff appears to be confused about the burdens under the Supreme Court's hostile environment constructive discharge test.  Under this test, the plaintiff has the burden of proving a pattern of sexual harassment that was so pervasive and regular as to create an abusive working environment.  *Suders*, 124 S. Ct. at 2347.  The plaintiff also has the burden of proving a constructive discharge.[2]  *Id*.  Finally,

---

[1] As part of this first argument, Plaintiff seems to be arguing that Defendant should be prohibited from presenting an affirmative defense because its anticipated evidence will be misleading to the jury.  Plaintiff appears to be referencing previous rulings of this court in which the court excluded the Inspector General Report and the Kroll Report, which describe certain shortcomings of the PSP's sexual harassment policies.  (*See* Docs. 57, 73, 80.)  Plaintiff contends that the preclusion of these reports will provide the jury with the false impression that the PSP's sexual harassment policies were sound.  The court disagrees with Plaintiff's reasoning.  Just because the court precluded the reports does not prevent Plaintiff from presenting other evidence of the deficiencies in the PSP's policies.

[2] In its decision, the Supreme Court established that Plaintiff's burden of proving a constructive discharge was in addition to proving an abusive working environment.  As the Supreme Court explained,

> To establish hostile work environment, plaintiffs like Suders must show harassing behavior "sufficiently severe or pervasive to alter the conditions of [their] employment."  *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986) (internal quotation marks omitted) . . . .  Beyond that, we hold, to establish "constructive discharge," the plaintiff must make a *further* showing: She must show that the abusive working environment became so intolerable that her resignation qualified as a fitting response.

*Pa. State Police v. Suders*, 124 S. Ct. 2342, 2347 (2004) (emphasis added).  Later in its opinion, the

(continued...)

the plaintiff has the burden of proving that a supervisor's official act precipitated the constructive discharge. *Id*. at 2354-55. If the plaintiff meets this burden, the employer is held strictly liable. *Id*. at 2352. If the plaintiff does not meet this burden, then the employer has the burden of proving the *Ellerth/Faragher* affirmative defense. *Id*. at 2347, 2354, 2357. Thus, to the extent Plaintiff believes the court is placing the burden of disproving the affirmative defense on her, she is incorrect. The burden for this part of the test is on the defendant to prove that the elements of the affirmative defense were met.

Finally, Plaintiff requests the court to allow her to present a claim of retaliation to the jury. Plaintiff argues that evidence Defendant recently produced, a log documenting a conversation between Plaintiff and the PSP's Equal Employment Officer that took place just before Plaintiff resigned, forms the basis of a "new" retaliation claim under Title VII and the First Amendment. Plaintiff had previously raised a retaliation claim on different grounds that is no longer valid. Plaintiff would

---

²(...continued)
Supreme Court reiterated this legal principle:

> For an atmosphere of sexual harassment or hostility to be actionable, we reiterate, see *supra*, at 2347, the offending behavior "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Meritor*, 477 U.S., at 67, 106 S. Ct. 2399 (internal quotation marks and brackets omitted). A hostile-environment constructive discharge claim entails *something more*: A plaintiff who advances such a compound claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign. See, *e.g.*, *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1160 (C.A.8 1999) ("[A]lthough there may be evidence from which a jury could find sexual harassment, . . . the facts alleged [for constructive discharge must be] . . . so intolerable that a reasonable person would be forced to quit."); *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (C.A.7 1997) ("[U]nless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress.").

*Id*. at 2354 (emphasis added).

3

now like to present this "new" retaliation claim to the jury.  The court rejects
Plaintiff's argument.  Not only has the court precluded the log from being introduced
at trial (Doc. 85), but Plaintiff's "new" retaliation claim has not been alleged in her
Complaint.  Thus, Plaintiff is prevented from asserting any allegations relating to the
"new" retaliation claim at trial.  The **_only_** issue for trial is Plaintiff's hostile
environment constructive discharge claim.

      In accordance with the foregoing, Plaintiff's motion for reconsideration
(Doc. 84) is **DENIED**.


        s/Sylvia H. Rambo
        Sylvia H. Rambo
        United States District Judge

Dated:  March 17, 2005.